JACK WILKERSON, Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

362 S.W.2d 253.

(*Knoxville,* September Term, 1962.)

Opinion filed November 9, 1962.

SAMUEL M. CHAMBLISS, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State.

Mr. Justice White delivered the opinion of the Court.

The plaintiff-in-error, Jack Wilkerson, was convicted for having committed armed robbery and sentenced to serve twenty-five years in the State Penitentiary. He has appealed and has assigned errors which raise the following points: (1). the evidence preponderates against the verdict and in favor of the innocence of the defendant. (2). the defendant's contention of double jeopardy should have been sustained because he had been previously convicted of another robbery which grew out of the same set of circumstances; and (3). the prosecution of the defendant in separate trials for two offenses of armed robbery growing out of the same circumstances amounted to a denial of due process guaranteed him by the Fourteenth Amendment to the Constitution of the United States.

In the brief filed on behalf of plaintiff-in-error all of the assignments are considered together since "all have to do with the same question of constitutional law; that is, whether the trial of an individual for robbing a store owner is barred by his previous conviction for robbing a customer in the store."

The record shows that at about 10:00 o'clock P.M. on May 24, 1960, Jack Wilkerson came onto the premises of the United Liquor Store of Chattanooga, Tennessee, and announced to the manager of the store "this is a hold-up" and then forced the manager to give him approximately $700.00 and two bottles of vodka at the point of a gun. Thereafter, the manager was required to remove his trousers and to retreat to a back room of the store

where he was locked in and then the janitor of the store was locked in another back room.

Shortly thereafter the witness, John Long says that he came into the store and upon entering found one man present whom he thought to be the clerk and that the man was behind the counter at the time. The man then came from behind the counter and placed something against his back and said "go into the bathroom and you will not get hurt." The defendant then took his billfold and locked him in the bathroom. He was later released by the manager.

Thereafter, the defendant was tried and convicted, upon proper indictment, for robbery of John Long, the customer, and the witness in the instant case, and was sentenced to serve thirty years in the State Penitentiary.

Upon arraignment of the defendant in the case at bar he entered a plea of autrefois convict, that is, that he had been formerly convicted of the same crime and stated specifically that "heretofore, on the 3rd day of October, 1961, defendant was convicted in the Criminal Court of Hamilton County of the same offense as charged in this case and said conviction constitutes a bar to further prosecution for said offense."

Upon consideration thereof, together with the supplemental plea, explaining the factual basis upon which said plea of autrefois convict was made the Court overruled the same and upon the trial, a jury convicted the plaintiff-in-error and imposed the sentence hereinabove set out.

The defendant did not testify and no argument is made on his behalf relative to the weight of the evidence. The real contention of the plaintiff-in-error is that the

robbery of Long, for which the plaintiff-in-error has been found guilty and sentenced to serve a term in the State Penitentiary, and the robbery of the United Liquor Store were a part of the same offense and, therefore, he should be put to trial upon a single charge only.

The plaintiff-in-error said:—"This case involves the deprivation of two separate rights which are guaranteed by both the Federal and State Constitutions. The first is whether or not the clause guaranteeing that 'No man shall be twice put in jeopardy of his life for the same offense,' has been violated where an individual is indicted, tried and convicted separately for robbery from the person of a customer in a store and the robbery of the store itself. The decision of this question depends upon whether the two are separate offenses; if so, then, conviction or acquittal of one is no bar to prosecution for the other."

The plaintiff-in-error relies upon two cases decided by the Supreme Court of the United States, namely *Hoag v. State of New Jersey*, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed. 2d 913 and *Ciucci v. State of Illinois*, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983. In the first case five victims were robbed at the same time. The Court held that a trial of the three defendants in that case for separate trials for the robbery of each victim did not constitute double jeopardy. In the latter case the Court held that the trial of the defendant for the murder of his wife and two children constituted separate offenses and that separate trials of each case did not amount to double jeopardy.

We have no reported decision in Tennessee exactly on the point raised by this appeal, but we do find in 22 C.J.S., sec. 298 on the general subject of Criminal Law

at page 788:—"Where accused robbed two or more persons at the same time a prosecution for one of such robberies does not prevent a subsequent prosecution for another."

In 15 American Jurisprudence under the general subject of Criminal Law at sec. 390 and at page 65 it is stated:—

"A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had."

It was obvious to the jury and the Trial Judge and it is obvious to this Court from reading the record that this plaintiff-in-error committed two separate and distinct crimes. He went to the liquor store with the intent to rob it at the point of a gun. When this was accomplished and he had secured the manager and the janitor in locked rooms at the back of the store, he then returned to the counter and upon the appearance of a customer he decided to rob him also. In carrying out this intent, he placed something to the back of the customer, Long, and extracted from him his billfold and thereafter locked him in a back room also. It is clearly apparent from this record that the plaintiff-in-error did not intend to rob Long when he entered the store and would not have done so except for the fact that Long came into the store at an unfortunate moment. When the plaintiff-in-error went into the store he was intent upon only one thing, that was robbing the liquor store.

Upon the facts in this case it appears beyond a reasonable doubt that the defendant committed two separate and distinct crimes.

We conclude, therefore, that he has had a fair trial as guaranteed to him by the Constitution of the United States and the State of Tennessee.

Therefore, the action of the Trial Court is, in all things, affirmed.