LEON MORGAN and FLOYD MORGAN, Plaintiffs in error,

*v.*

STATE OF TENNESSEE, Defendants in error.

415 S.W.2d 879.

(*Knoxville*, September Term, 1966.)

Opinion filed May 22, 1967.

Fred L. Myers, Newport, for plaintiffs in error.

George F. McCanless, Attorney General, and Edgar P. Calhoun, Assistant Attorney General, Nashville, for defendants in error. Henry F. Swann, District Attorney General, of Dandridge, prosecuted the case for the State in the trial court.

Mr. Justice Chattin delivered the opinion of the Court.

Leon Morgan and Floyd Morgan, hereinafter referred to as defendants, were indicted, tried and convicted of armed robbery in two cases. In Case No. 2747, the defendants were charged with the armed robbery of Liza Messer. In Case No. 2748, they were charged with armed robbery of Mary Jane Messer. In Case No. 2747, their punishment was fixed at thirty years in the State Penitentiary. In Case No. 2748, their punishment was fixed at fifteen years imprisonment.

The defendants filed a motion for a new trial in each case, which were overruled. They have perfected an appeal to this Court in each case and assigned errors.

Miss Liza Messer, age sixty-one; and her twin sister, Miss Martha Messer, lived with their mother, Mrs. Mary Jane Messer, age one hundred and two; in the Del Rio section of Cocke County. The mother of defendants is a niece of Liza and Martha Messer. The defendants resided in Georgia and had visited the Messer home two days prior to the alleged robbery.

Liza and Martha Messr had, over a period of years, saved $4,000.00 in cash which they kept in several trunks

in the house. Martha had cashed a check for her mother on the day of the robbery. Martha purchased groceries with a portion of this money. There remained about $35.00 which she agreed to keep for her mother in her pocketbook.

On the night of May 30, 1966, defendants forced their way into the home of the Messers. The defendants were identified by each of the three women.

Each defendant carried a hard object in a sock.

The defendants assaulted the three women with the objects covered by the socks. The women stated these objects appeared to be tire tools or some type of knives and had been used to pry open the door to the house. Martha received a laceration to her forehead and her front teeth were knocked out. The other two ladies were not seriously injured, but were bruised and bled from the nose.

Defendants tied and gagged the women. They ransacked the house and took the $4,000.00 from the trunks. They also took the $35.00 which belonged to Mary Jane Messer, a 32 caliber pistol, various papers, deeds and a photograph.

The evidence further shows that both defendants admitted the crime in the presence of their lawyer in Georgia after they had been advised of their rights and had been allowed to consult with their lawyer.

Defendants, by their first assignment of error, insist the evidence does not support the verdicts of armed robbery. This contention is based on the fact the victims were not forced to reveal the location of the money. It is argued there was no evidence of a felonious and forcible taking of goods or money from the persons, and conse-

quently the defendants committed no greater offense than that of grand larceny.

T.C.A. Section 39-3901 provides:

"Robbery is a felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten. (10) years."

In the case of *State ex rel. Anderson v. Winsett*, 217 Tenn. 564, 399 S.W.2d 741 (1965), this Court, in an opinion written by Mr. Chief Justice Burnett, said:

"It is violence that makes robbery an offense of greater atrocity than larceny."

■ The undisputed facts show defendants forced their way into the home of the victims. They assaulted the three women in such manner as to prevent them from resisting the taking of their goods and money. These acts of violence clearly constituted a "felonious and forcible taking."

■ The fact the goods and money were not taken from the person of the victims is no defense.

■■ The elements necessary to make out the offense of robbery are the taking must be felonious and forcible and from the person of the party robbed, either actual or constructive. It is actual when the taking is immedi-

ately from the person; and constructive when in the possession or in the presence of the party robbed. *Jones v. State,* 214 Tenn. 683, 383 S.W.2d 20 (1964); *Kit v. State,* 30 Tenn. 167 (1850); *Hammond v. State,* 43 Tenn. 129 (1866).

■ Defendants' second assignment makes the point there was no evidence of the use of a deadly weapon. We see no merit in this assignment. The evidence clearly showed that each defendant had some kind of an instrument in a sock. These instruments were used to pry open the door of the house. One of the defendants struck one of the women with the instrument and knocked out some of her teeth.

■ Weapons may be placed, generally, in two categories, namely: deadly per se, such as fire arms; and deadly by reason of the manner in which they are used. It is generally recognized by the majority of the States that, "a dangerous or deadly weapon is any weapon or instrument which, from the manner in which it is used or attempted to be used, is likely to produce death or cause great bodily injury." 77 C.J.S. Robbery sec. 25, page 465; *People v. Crowl,* 28 Cal.App.2d 299, 82 P.2d 507 (1938); *Jackson v. State,* 214 Ark. 194, 215 S.W.2d 148 (1948); *Williams v. State,* 251 Ala. 397, 39 So.2d 37 (1948).

■ It is our opinion a car tool, knife or other hard object wrapped in a sock and used as a bludgeon or club to assault a person in perpetration of a robbery and thereby endanger the person's life is a deadly weapon within the meaning of the statute.

By their third assignment, the defendants insist the trial judge erred in refusing to sustain their plea of

autrefois convict or former jeopardy in Case No. 2748. The two cases were tried separately and on the same day. The plea was entered after the verdict of guilty in Case No. 2747.

Defendants contend the robbery of the three women constituted a single offense. They base their contention upon the evidence the women were living together, owned the money jointly and the robbery took place as a single act.

In support of this contention, defendants cite and rely upon the following rule:

"Where the facts constitute but one offense, though it may be susceptible of division into parts, as for stealing several articles from the same person at the same time, conviction for stealing one of the articles will bar a subsequent prosecution for stealing the others." *Usary v. State,* 172 Tenn. 305, 112 S.W.2d 7, 114 A.L.R. 1401 (1938).

In the case of *Wilkerson v. State,* 211 Tenn. 32, 362 S.W.2d 253 (1962), this Court approved the following principles:

"Where accused robbed two or more persons at the same time the prosecution for one of the robberies does not prevent a subsequent prosecution for another." 22 C.J.S. Criminal Law sec. 298, page 788.

"A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had." 15 Am. Jur., Criminal Law, Section 390, page 65.

These principles have been approved by the Supreme Court of the United States in the case of *Hoag v. State of New Jersey,* 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958).

■ From the evidence in this record, it is clear the defendants committed the crime of armed robbery on the person of the Messer sisters and their mother, for which offenses the defendants could be separately prosecuted.

It results all assignments of error are overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.