Floyd E. MORGAN and Clarence L. Morgan, Petitioners,

v.

STATE OF TENNESSEE, Respondent.

Civ. A. No. 2287.

United States District Court
E. D. Tennessee,
Northeastern Division.

April 15, 1969.

No appearance for petitioners.

David W. McMackin, Asst. Atty. Gen., Nashville, Tenn., for the State of Tennessee.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

These petitioners are in custody of agents of the respondent state pursuant to the judgment of a state court, predicated on their respective convictions on two indictments charging armed robbery, which judgments were affirmed on appeal. Morgan v. State (1967) 220 Tenn. 247, 415 S.W.2d 879. They sought

582

relief in the same state court on September 8, 1967 under Tennessee's post-conviction procedure act, T.C.A. § 40–3801 et seq., and were denied relief. They were then granted an appeal on November 18, 1967, which appears not to have been perfected, through no fault of theirs, for a period of 97 days. Their appeal is conceded to have been under advisement in the Court of Criminal Appeals of Tennessee since June 3, 1968.

On October 24, 1968 the petitioners applied for the federal writ of habeas corpus. 28 U.S.C. §§ 2241(a), (c) (3), 2254. Their application was received in this district on October 25, 1968 by transfer, 28 U.S.C. § 2241. Through a procedural misunderstanding in the office of its clerk, the instant application was not brought to the attention of this Court until March 7, 1969.[1] An answer was filed for the respondent five days afterward, in which the state of Tennessee requests this Court to abstain from any consideration of the instant application until the petitioners have exhausted their remedies under Tennessee law, which they have now been pursuing assiduously for some 19 months.

■ This Court usually is without authorization to grant applications for the federal writ of habeas corpus in behalf of persons in custody pursuant to the judgment of a state court if the applicants have not exhausted, by raising by any procedure available under state law, the question presented. 28 U.S.C. § 2254(b), (c). " * * * [A]n exception exists in § 2254 when circumstances exist 'rendering [state corrective] process ineffective to protect the rights of the prisoner.' * * * " Harvey v. State of Mississippi (C.A. 5th 1965), 340 F.2d 263, 268 [7].

Briefly stating the question presented here, the petitioners claim their convictions and present incarcerations were brought about largely by the testimony of the sheriff of the county in which they were tried, who testified that each of them had confessed the crimes with which they were charged or had otherwise admitted their guilt. They claim neither of them ever confessed or made any such admission.

It is beyond disputing that the aforementioned testimony incriminated the petitioners. Early in his opinion for the Tennessee Supreme Court, Mr. Justice Chattin included the statement that " * * * both defendants admitted the crime in the presence of their lawyer in Georgia after they had been advised of their rights and had been allowed to consult with their lawyer. * * * " Morgan v. State, supra, 220 Tenn. at 250, 415 S.W.2d at 881. The sheriff appears to have testified that the petitioners told him in the presence of their attorney in Georgia, where they were apprehended as fugitives from justice in Tennessee, that they had come to the county of venue in Tennessee " * * * and got the money. * * * "

■ The petitioners denied under their respective oaths in the hearing on their application for the state writ of habeas corpus that they had either confessed these crimes or admitted their guilt on the charges under consideration. The attorney who represented them in Georgia testified by affidavit therein, T. C.A. § 40–3817, that neither petitioner confessed or made any incriminating admission. According to assertions in this affidavit, the sheriff first offered to dismiss similar charges against the petitioners' mother and the wife of one of them, if the petitioners would admit their guilt; this offer was refused by the petitioners, each of whom maintained his innocence; the sheriff then amended his initial offer and agreed to dismiss the charges against their relatives, if the petitioners would declare that neither relative had anything to do with the criminal acts in Tennessee; after being assured that such a statement would not be construed as any admission of guilt on their part, the petitioners stated that neither of their said relatives participated in

1. The petitioners properly complained about this to this Court, afterward to the chief judge, C.A. 6th.

any criminality in any way;[2] and, thereupon their relatives were released.

■■ ˙ This Court is not presently concerned with the merit or lack of merit of the valid claim the petitioners assert, but with the problem of whether the delay in the adjudication of the petitioners' asserted post-conviction remedy is so inordinate as to have worked a denial of their federal right to due process of law. See Smith v. State of Kansas, C.A. 10th (1966), 356 F.2d 654, 656 [6]. Habeas corpus cannot be employed to assert the innocence of the petitioners of the crimes for which they have been convicted and imprisoned, Matter of Yamashita (1946), 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; but where there are obstacles in the state judicial procedure which work to deny a state prisoner his federal right to due process of law, federal courts have no choice but to grant appropriate procedural relief in a collateral proceeding such as this. Cf. Bartone v. United States (1963), 375 U.S. 52, 54, 84 S.Ct. 21, 11 L.Ed.2d 11, 13 [4], quoted in Hunt v. Warden, Maryland Penitentiary, C.A. 4th (1964), 335 F.2d 936, 941 [3].

One court cannot determine with facility when the decision of another court can be reasonably expected to be rendered. These decisions are customarily difficult. Especial care must be exercised by appellate courts which report for guidance current interpretations of the law. The only explanation advanced by the respondent for the delay of some eight months in a decision on the petitioners' appeal from the decision denying them discharges from custody is that " * * * other cases which were submitted to the Court of Criminal Appeals [of Tennessee] at approximately the same time are likewise still under consideration by that Court. * * * " It would be delicate for counsel for the respondent to suggest any reason for this inaction.

■■ Here, on the other hand, this Court is concerned with the right of the petitioners to due process of law. The function of the writ of habeas corpus is to provide applicants " * * * a prompt * * * " remedy. Fay v. Noia (1963), 372 U.S. 391, 401–402, 83 S.Ct. 822, 9 L.Ed.2d 837, 846 [6]. Tennessee courts are required to act instanter on applications for the writ of habeas corpus. T. C.A. § 23–1808. It is nowhere suggested that counsel for the respondent, who now request this Court to stay its hand under the doctrine of comity between the federal and state jurisdictions, cf. United States ex rel. Lusterino v. Dros, D.C.N.Y. (1966), 260 F.Supp. 13, 17 [8], has acted to enlarge the petitioners on bail bond[3] until the Tennessee appellate courts do act.

■ The petitioners have been imprisoned now for nearly an entire year, awaiting a final decision on their application for a discharge. There is no means of ascertaining just how long they may be compelled to await an answer. There is ample authority for this Court to act instanter. 28 U.S.C. § 2254(d), (e). Under the totality of these circumstances, the post-conviction remedy offered these particular petitioners by the respondent state of Tennessee is wholly inadequate to protect their rights. Cf. United States ex rel. Hill v. Deegan, D.C. N.Y. (1967), 268 F.Supp. 580, 584 [1, 2].

2. The petitioners claim also that they were deprived of their right to the compulsory attendance of these relatives as witnesses to an alibi, because of the fear of their relatives that they might again become implicated, if they appeared at the criminal trial of the petitioners. There is no merit to this second claim, however: alibi being a matter of defense is not a proper ground for habeas corpus. McElroy v. Maxwell (1964), 177 Ohio St. 16, 28 Ohio Ops.2d 416, 201 N.E.2d 527.

3. While there is no specific statutory authority for the Court of Criminal Appeals of Tennessee to enlarge the petitioners on bail bond until a new trial or delayed appeal in the nature of a writ of error is granted, T.C.A. § 48–3824, " * * * [o]rdinarily, a petitioner has the right to be admitted to bail pending his appeal from an order denying his application for a discharge. * * * " 39 Am.Jur.2d 298, Habeas Corpus, § 168.

The respondent not having shown cause why the federal writ of habeas corpus should not be granted, and the application of the petitioners and response of the respondent presenting issues of fact as well as law, the respondent's warden of its penitentiary at Nashville, Tennessee, will be required to produce the bodies of the petitioners Floyd Morgan and Clarence L. Morgan before the undersigned judge in the courtroom of the United States District Court for the Eastern District of Tennessee, Northeastern Division, at Greeneville, no later than ten o'clock in the forenoon on April 29, 1969, at which time this Court will summarily hear and determine the facts and dispose of this application forthwith as law and justice require. 28 U.S.C. § 2243. Should there be a final disposition of the petitioners' application for the state writ of habeas corpus by the Court of Criminal Appeals of Tennessee on a reasonable date theretofore, this Court resolves further order[s] herein.