JOE B. ROBERTS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.—474 S.W.2d 152.

October 2, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

John A. Armstrong, Greeneville, for plaintiff in error.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Heiskell H. Winstead, District Attorney General, Rogersville, for defendant in error.

WALKER, P.J.  On his trial for first degree murder, the jury convicted defendant, Joe B. Roberts, of murder in the second degree and fixed his punishment at 15 years' imprisonment. From his 10- to 15-year sentence, Roberts appeals in error to this court.

On the night of September 12, 1969, the defendant, accompanied by the deceased, Willis Starnes, and one Bill Humphreys, had visited several beer taverns in and near Greeneville. At about midnight they were in the American Legion Club. The defendant became angry when a Mrs. Jackie Masters refused to dance with him, threw a chair across the room and then slapped her. This led to a scuffle with Starnes, following which he went to his car and then invited Starnes around the corner of the building ostensibly to apologize to him. In a brief encounter, the defendant struck Starnes in the side with a knife puncturing his lung and causing his death at the hospital within a short time.

On interrogation the following morning, the defendant admitted scuffling with Starnes but denied cutting him. When a TBI agent prepared to give him a lie detector test, he said there was no use taking the test; that he did it. He also told the officers they would find the weapon in his gun rack at his home.

Following Roberts' arrest, he was sent to Central State Hospital for a mental examination and remained there four or five months. After that examination, he was sent back for trial.

Testifying in his own behalf, the defendant denied any recollection of any of the events of that evening. He

offered evidence showing that his neck had been broken in an automobile accident and that in 1965 he had a motorcycle accident resulting in the removal of part of his brain by surgery. His wife, two sisters and several co-workers considered his mind unsound after that time. A psychiatrist, Dr. Donald G. Hiers, testified for the defense that Roberts had weak control over his behavior and was in the educable retarded range of mentality but was not insane.

The defendant contended that he was not mentally responsible, particularly when he had any alcohol. In rebuttal Dr. Roger K. White, Director of Forensic Psychiatry of the Tennessee Department of Mental Health, testified that he and his staff had found no evidence of psychosis or major mental illness or serious brain damage. They had, of course, found him competent to stand trial.

The jury accepted the state's theory of the case. The evidence fully sustains it. The question of insanity was for the jury. Long v. State, 202 Tenn. 373, 304 S.W.2d 492. The assignments on the weight of the evidence are overruled.

The defendant submitted a number of special requests on mental responsibility based on the Durham Rule, the Model Penal Code and other rules considered more liberal or modern than that allowed in this state. His assignment says that many other jurisdictions have adopted one of these tests and this court now has the opportunity to recede from the M'Naghten rule.

Our Supreme Court reaffirmed the M'Naghten rule in Spurlock v. State, 212 Tenn. 132, 368 S.W.2d 299, and we

are bound by it. Smith v. State. Tenn.Cr.App., 452 S.W. 2d 669. This assignment on the insanity instructions are overruled.

■ The defendant assigns error in the court limiting the testimony of Dr. Cupp, the neurosurgeon who removed part of the defendant's brain in 1965. The defendant sought to ask Dr. Cupp a hypothetical question based in part on a written report made by the psychologist, Dr. Hiers. The defendant cites no authority on this question and it is without merit.

■ The defendant complains of this portion of the instructions to the jury:

"The defendant is a competent witness in his own behalf and you will weigh his testimony in the same manner as you do the testimony of the other witnesses in the case *remembering however, that he is a party to the suit and interested in the outcome* of the trial." (Emphasis supplied)

He offered a special request omitting that part above italicized and relies in particular on State v. Bester (Supreme Court of Iowa 1969), 167 N.W.2d 705.

In Cooper v. State, 123 Tenn. 37, at page 79, 138 S.W. 826, our Supreme Court approved a similar instruction. This assignment is overruled.

■ ■ Immediately after the encounter, Starnes said: "He stabbed me, get me to the clinic." We think this was part of the res gestae and it is immaterial whether or not the defendant heard it. We find no error in the introduction of photographs showing Starnes' wound.

There was no occasion to instruct the jury on failure to call an available witness. This was an abstraction, and we find no prejudice to the defendant.

We have considered all assignments and find them without merit.

The judgment is affirmed.

Russell and O'Brien, JJ., concur.