**Dorris Norvell ROCKETT, Jr.,
Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Oct. 29, 1971.

Certiorari Denied by Supreme Court Jan. 17, 1972.

**562**

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Raymond S. Clift and Leonard T. Lafferty, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

In separate indictments, the Shelby County grand jury charged the defendant Dorris Norvell Rockett, Jr., with rape of Emma McFarland and with robbery of her with a deadly weapon. He filed a special plea of insanity at the time of the offense. On trial of the two cases together, the jury found him guilty of rape and fixed his punishment at life imprisonment and also convicted him of simple robbery with ten years' maximum imprisonment. The trial judge fixed the five to ten years' robbery sentence concurrent with the life sentence for rape but both consecutive to that in another conviction.

At about 8:00 P.M., July 9, 1970, Miss McFarland, age 30, got off a bus and started across a large field on her way to a Memphis shopping center. She noticed the defendant as he began to follow her from the bus. In the field he caught her around the neck, placed a rusty pistol to her temple, told her to lie down and threatened to kill her if she screamed. He straddled her, took off some of her clothes and then went through her purse, taking 75 cents in change and a bottle opener but leaving a pair of scissors and some lipstick on the ground. After this he took off the rest of her clothes and commenced intercourse with her against her will. Someone came along the path at about this time and Rockett jumped up and ran away.

Chester Hunter, the person who surprised Rockett, saw him running away and could describe his general appearance and clothing but could not identify him. Miss McFarland, naked and crying, told Hunter she had been raped and robbed and asked him to call the police. She said, "There he goes running." Hunter called another person nearby and also the police.

Patrolman Lynch arrived while Miss McFarland was still dressing. She told him the same facts she had related to Hunter. The officer took her to a hospital for examination.

Miss McFarland positively identified the defendant as the man who had raped and robbed her.

Rockett did not testify. His mother described his condition over a period of years in an effort to show insanity. Before the trial he had been examined at Central State Hospital and found sane.

█ The defendant contends that Miss McFarland's identification was tainted by an illegal lineup. Outside the presence of the jury, the trial judge held an extensive hearing on this question and found the lineup proper. The defendant signed a waiver of attorney but says he should have been given further warnings. We think the signed card was sufficient but Rockett testified at the suppression hearing that he had been advised fully as to the use of the lineup in court.

█ The defendant says that Patrolman Lynch's testimony of the facts related by Miss McFarland was inadmissible hearsay and should have been excluded. No objection is made to the testimony of Hunter to the same facts. Lynch arrived soon after the crimes and we think this testimony was admissible here. See Conboy v. State, Tenn.Crim.App., 455 S.W.2d 605; Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523; King v. State, 210 Tenn. 150, 357 S.W.2d 42. This assignment is overruled.

█ The defendant assigns as prejudicial the testimony of the events surrounding his arrest July 24, 1970. He cites no authority and this assignment is without merit.

█ He also contends that it was error for the trial judge to consolidate the cases for hearing. The record shows no objection to this procedure. This contention is likewise without merit.

█ Rockett says it was error to sentence him under both charges and that the lesser, robbery, should merge into the greater crime of rape. These were sepa-

rate and distinct offenses with separate intents. We find no error in these concurrent sentences. See Harris v. State, 206 Tenn. 276, 332 S.W.2d 675; Eager v. State, 205 Tenn. 156, 325 S.W.2d 815; Wilkerson v. State, 211 Tenn. 32, 362 S. W.2d 253; Morgan v. State, 220 Tenn. 247, 415 S.W.2d 879.

The jury was fully warranted in its two verdicts in these cases. The evidence does not preponderate against them.

All assignments are overruled and the judgments are affirmed.

RUSSELL and O'BRIEN, JJ., concur.