Dennis (Dink) SIMMONS, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

March 31, 1972.

Certiorari Denied by Supreme Court
Aug. 21, 1972.

 

William Jerry Flippin, Milan, Walker Tipton, Covington, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Will Terry Abernathy, Dist. Atty. Gen., Selmer, Preston Parks, Asst. Dist. Atty. Gen., Somerville, for defendant in error.

O'BRIEN, Judge.

## OPINION

Four indictments were returned against the defendant, Dennis (Dink) Simmons in the Criminal Court of Gibson County, in August, 1965, which included two indictments for murder in the first degree and two indictments for assault with intent to commit murder in the first degree. At the December term, 1965, defendant was brought to trial on one indictment for first degree murder, convicted thereof and sentenced to ninety-nine years in the State Penitentiary.

Defendant was not tried on the other three indictments until August, 1967, at which time he was found guilty of murder in the first degree and sentenced to ninety-nine years to run consecutively to his previous ninety-nine year sentence; and sentenced to eighteen years in each of the assault cases to run consecutively to the previous sentences. These cases were reversed by the Tennessee Court of Criminal Appeals on April 7th, 1969, with certiorari denied by the Supreme Court on August 18th, 1969.

Defendant was again put to trial on July 22nd, 1970, on the same three indictments, and found guilty. He was sentenced to ninety-nine years on the first degree murder charge to run consecutively to the ninety-nine year sentence previously imposed. He was sentenced to not less than three nor more than twenty-one years in each of the assault with attempt to commit murder indictments, to run concurrently with the two first degree murder sentences. Motion for new trial having been heard and

overruled, he has appealed the convictions to this court.

Five assignments of error are made by the first of which it is contended defendant was denied a speedy trial, and therefore the cases against him should have been dismissed in the trial court. It is alleged in the brief for appellant that, "The defendant prepared from the State Penitentiary and filed with the Criminal Court of Gibson County a motion for a speedy trial in March, 1967." No such pleading appears in this record.

These cases first came on for trial on April 17th, 1967, on which date the, then, appointed attorneys for the defendant moved the court to be relieved as counsel because of conflict between them and appellant. The order relieving counsel does not indicate the reasons therefor, however, new counsel was appointed on the same date. The cases were rescheduled for trial on August 1st, 1967.

On August 1st, 1967, a plea of temporary insanity was filed alleging defendant was temporarily insane at the time of the alleged homicide. Defendant came to trial on August 1st, 1967, was found guilty, and sentenced as set out heretofore. These cases were reversed by the Court of Criminal Appeals of Tennessee on April 7, 1969. Certiorari was denied on August 18th, 1969.

On November 24th, 1969, the cases were set for retrial on January 30th, 1970.

On February 4th, 1970, the cases were re-set to be tried on March 24th, 1970, on which date a motion to dismiss for denial of a speedy public trial was filed by counsel. The motion was based on failure to bring defendant to trial until August 1st, 1967, two years after indictment on August 2nd, 1965. It appears no court action was taken on this motion, which was based on the trial and conviction which had been reversed and remanded by this court in April, 1969, and not the proceedings presently before us on appeal.

A Motion for Change of Venue was also filed and granted on March 24th, 1970. The cases were set for trial in the Circuit Court of Tipton County on the 22nd day of July, 1970. On the 8th of July, 1970, additional co-counsel was appointed on behalf of defendant.

On July 22nd, 1970, motions to dismiss were filed on the grounds that the actions were barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution because of his previous conviction on December 17th, 1965. Also, on July 22nd, 1970, the same motion to dismiss for violation of his right to speedy trial was filed which had previously been filed in the Gibson County Court.

We have dwelt extensively on the chronology of the proceedings in these cases because we have concluded that appellant's assertion that he was denied a speedy trial is without merit.

First of all, all of the objections made to delay in the trial proceedings were to his first trial on the cases which are presently before us. He had previously been put to trial on one indictment for first degree murder and appealed from that judgment. He was represented by able and competent counsel at that hearing who testified extensively that trial on the other indictments was delayed intentionally and by general consent. The delay was concurred in by them because based on their experience both the passage of time and the outcome of the appeal would accrue to defendant's benefit. Both learned trial counsel were of the opinion that if the original ninety-nine year sentence was affirmed by the Supreme Court, that it was most likely the other charges pending would be disposed of to run concurrently with that sentence, and that it would have been premature to try those cases until the Supreme Court had rendered a decision on the first conviction. They were of the opinion that the lapse of time would also accrue to defendant's benefit by virtue of the decline

of public interest in the charges against him.

It is argued that defendant did not consent to the continuance of these cases from term to term. The record is clear that he did not do so personally. However, the record is equally clear that in no area was his trial counsel ever found to be incompetent, nor that they did not represent him fully, capably, and astutely under all the circumstances of these cases. Defendant was entitled to effective assistance of counsel and no more. In State ex rel. Leighton v. Henderson, Tenn.Cr.App., 448 S.W.2d 82, citing authorities from many jurisdictions, it is stated:

> "We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance."

Based on a medical report included in the record, prejudice is cited on the premise that defendant's mental condition could affect the outcome of the trial if any excessive delay occurred. The medical report does not sustain this contention. There was some testimony by defendant about witnesses who refused to testify at his first trial but who would have testified at the trial on these indictments. He specifically stated he did not ask his legal counsel to subpoena these witnesses for this trial, nor is there any offer of proof as to the materiality of their testimony.

There was nothing either oppressive or arbitrary in the actions of the court or the state during the course of the delay in these proceedings. There has been neither constitutional or statutory prejudice to the defendant in this case. The first assignment is overruled.

The second assignment is predicated on the theory that appellant was subjected to double jeopardy by virtue of the several indictments growing out of the death or injury to the several individuals involved. This contention cannot be sustained.

For more than a century this issue has been well settled in this jurisdiction. The rule is succinctly stated in Wilkerson v. State, 211 Tenn. 32, 362 S.W.2d 253, as follows:

> "The plaintiff-in-error relies upon two cases decided by the Supreme Court of the United States, namely Hoag v. State of New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 and Ciucci v. State of Illinois, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983. In the first case five victims were robbed at the same time. The Court held that a trial of the three defendants in that case for separate trials for the robbery of each victim did not constitute double jeopardy. In the latter case the Court held that the trial of the defendant for the murder of his wife and two children constituted separate offenses and that separate trials of each case did not amount to double jeopardy."

Also see Morgan v. State, 220 Tenn. 247, 415 S.W.2d 879, Phillips v. State, 85 Tenn. 551, 3 S.W. 434, Duke v. State, 197 Tenn. 346, 273 S.W.2d 142.

The rule has been restated in 21 Am.Jur. 2d, Sec. 188:

> "The fact that one has been in jeopardy for one act is no bar to a prosecution for a separate and distinct act, though the other act is so closely connected in point of time that it is impossible to separate the evidence relating to either on the first trial. This is the situation where two distinct crimes are committed in one transaction. Further, prosecutions for separate offenses based on the same transaction do not involve double jeopardy where there are distinct elements in one offense that are not included in the other."

In this instance while the various victims were injured in what might have been categorized as one continuous transaction, they required separate actions, successive

discharges of the firearm at the several individuals injured. The proof of the injury or death of any one would not have served to sustain a conviction for the separate injury or death to any one of the others. It very simply constituted separate offenses for which each of the several indictments, trials and convictions are justified.

The third and fourth assignments may be treated together and charge error to the trial court in allowing testimony from prosecuting witnesses as to the related homicide of Mary Morris on the premise that this was inflammatory and prejudicial and the court should have declared a mistrial when these matters came into evidence.

■ The general rule that evidence that accused has committed another crime independent of, and unconnected with the one on trial is inadmissible, is subject to certain exceptions. This is a technical rule of evidence and not a constitutional right and arises out of a fundamental demand for justice and fairness. The evidence in this case clearly brings it within the exceptions to the rule about which it has been said, "that the so called exceptions are not really such, but a part of the rule itself." In Vol. 22A C.J.S. Criminal Law § 683, P. 748, it is said:

> "Evidence of another offense is also relevant and admissible where the two crimes are logically related or connected, so that proof of the other tends, or is necessary, to prove the one charged, or is necessary to a complete account thereof, as where they are so inseparable as to constitute but one transaction or crime, or where the extraneous crime forms part of a chain of circumstantial evidence of guilt of the crime charged."

■ In this case, there is testimony that appellant had made prior threats against his wife's life, and also had stated that when he caught the family all together he would wipe them out. The trial court limited testimony regarding the injury or death of the other victims in this mass slaughter. It was inevitable that some evidence of the injuries to the other parties involved would come into evidence. The trial court did a commendable job of excluding the evidence under the circumstances and is certainly not subject to reversal for failure to declare a mistrial. The assignments are overruled.

The fifth assignment requires no comment upon a reading of this record. The evidence was adequate and ample to warrant the verdict of the jury. The assignment is overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and RUSSELL, J., concur.