**Autra MOORE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 7, 1977.

Certiorari Denied by Supreme Court March 6, 1978.

Edward G. Thompson, Public Defender, Shelby County, W. Walker Gwinn, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Henry P. Williams, Jerry T. Stauffer, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

In a bifurcated trial, the appellant-defendant, Autra Moore, was convicted in the Shelby County Criminal Court of two cases of armed robbery, the jury setting penitentiary sentences in each case at sixty years. Those convictions were the triggering offenses for the subsequent finding by the jury that the defendant was an habitual criminal with respect to each case. He was sentenced to the penitentiary for life in both cases, the sentences to be served consecutively.

In this appeal, the defendant assigns errors regarding the two consecutive life sentences, the lack of the opportunity to voir dire the jury on the habitual criminal charges, the alleged unconstitutionality of the habitual criminal statute, the rulings of the court on evidentiary questions, and contends that the verdicts are contrary to the law and the evidence. We find no merit to these assignments and affirm the judgments.

The defendant does not directly challenge the legal sufficiency of the convicting evidence; however, the evidence accredited by the jury is convincing to show that on August 29, 1976, the defendant and two other individuals robbed Louise (Walker) Fiedler and Debra Waxler in their Shelby County apartment which they were sharing. Two of the robbers were armed with pistols. The robbers assaulted both of the women, tied them up, and took various items of property from their apartment. Some of the items taken were owned by one victim and other items were owned by the other. The victims recognized one of the guns used in the robbery as belonging to a neighbor named Young. Both victims identified the defendant as one of the perpetrators of the robberies, and other evidence connected the defendant to the get-away vehicle. At the time of the defendant's arrest, a gun found in his vehicle was identified by the victims as one of the guns used in the robberies. The defendant testified and admitted being on the scene but denied the robberies, insisting that he had been to the victims' apartment to buy drugs. He attempted to explain that the robbery gun found in his vehicle had come into his possession as a result of a dispute over a drug sale with the neighbor, Mr. Young. In rebuttal, the state proved that the defendant had taken the gun from Mr. Young in a robbery a few days prior to the present offenses.

■ In the habitual criminal phase of the trial, proof was introduced which established that the defendant had been previously convicted of in excess of fifteen felonies. Suffice it to say that this record fully

supports the defendant's guilt of the two present armed robbery offenses as well as the jury's finding of habitual criminality on his part. The life sentences were authorized because our habitual criminal statutes do not create an independent crime; rather, they define a status prescribing circumstances under which there is an enhanced penalty for the present crime, or crimes as in the case herein. *Harrison v. State*, 217 Tenn. 31, 394 S.W.2d 713 (1965).

■ Next, the defendant's double jeopardy contention is not tenable. The dual convictions here were legally justified. In our opinion, there were two separate crimes of armed robbery committed by the defendant. There were two victims and both were assaulted and robbed in separate and distinct acts. Different items of property taken belonged individually to each victim. Different evidence was required to establish each offense. In dealing with similar factual circumstances in other cases, our courts have explicitly authorized such dual convictions. *Black v. State*, 524 S.W.2d 913 (Tenn.1975); *Morgan v. State*, 220 Tenn. 247, 415 S.W.2d 879 (1967); *Wilkerson v. State*, 211 Tenn. 32, 362 S.W.2d 253 (1962); *Wiley v. State*, 552 S.W.2d 410 (Tenn.Crim. App.1977).

■ As we interpret the defendant's brief, he does not strenuously argue that the facts here would not support two convictions for armed robbery; rather, he argues that two separate consecutive life sentences cannot be imposed at the conclusion of one trial for offenses committed at the same time and place and on the same occasion, further insisting that the defendant's prior convictions used in enhancing his punishment in the first case could not be similarly used in the second case. We also reject these contentions. The defendant overlooks the fact that because of his numerous prior convictions, he had reached the status of being an habitual criminal at the very time of the commission of the two triggering armed robberies. Under our law, he received no additional punishment on crimes for which he had already been convicted; instead, the law mandated an enhanced punishment to be inflicted for each of his armed robbery convictions. *Pearson v. State*, 521 S.W.2d 225 (Tenn. 1975).

In the *Pearson* case, the defendant had been convicted of armed robbery and of being an habitual criminal. In a later trial he was again convicted of being an habitual criminal, and in this later trial the State was allowed to use the same three prior convictions that it had relied upon in the first trial. Pearson challenged this use of the prior convictions as a basis for enhancing the penalty for the subsequent felony conviction because they had previously been used on the first trial. Our Supreme Court found no error in the use of these convictions at the second trial, and held that the habitual criminal statute did not violate the double jeopardy provisions of the State and Federal Constitutions.

Additionally, the fact that these two armed robberies were committed on the same occasion is of no legal significance. Tenn. Code Ann. § 40–2801 only requires that the prior felonies must be "for separate offenses, committed at different times, and on separate occasions." It does not so restrict the current triggering offenses involved herein.

Next, we find nothing in the record to show that the defendant made any objection to the method used in the selection of the jury or raised any complaints about the voir dire or the bifurcated trial procedure. Thus, his belated complaint is not timely for our consideration. At any rate, the trial court was obligated by law to use the procedures in seating the jury and trying the case as it did. *Harrison v. State*, supra; *Beeler v. State*, 206 Tenn. 160, 332 S.W.2d 203 (1959).

■ Further, the defendant's attack on the constitutionality of the habitual criminal statutes is not meritorious. The defendant argues that the statutes conflict with other sections of the Code which set punishment for specific crimes, penalizes a defendant for other crimes for which he has been punished, punishes him for a status

and not a crime, and constitutes cruel and unusual punishment.

First, in our opinion, there is no conflict with the punishment provisions of other statutes in the Code. Second, a defendant is being punished for a present crime and not a status. The fact that his present punishment is being enhanced because of his status as an habitual criminal violates no constitutional provision, State or Federal.

In upholding the constitutionality of the habitual criminal statutes, our courts have held that they do not constitute cruel and unusual punishment. *Pearson v. State*, supra; *Canupp v. State*, 197 Tenn. 56, 270 S.W.2d 356 (1954). Also, in *Pearson v. State*, supra, the court held that the use of prior convictions for enhancing the punishment for a subsequent felony conviction does not violate the Constitution, State or Federal. In *Morelock v. State*, 2 Tenn. Crim.App. 423, 428, 454 S.W.2d 189, 191 (1970), the court held: "The habitual criminal count is not an independent crime, but a status; therefore, double jeopardy is not involved."

Further, the defendant's complaint about the lineup identification of him by one of the victims is unmeritorious. The court held a jury-out hearing on the issue of the pre-indictment lineup and found that the victim's identification of the defendant was from an independent source, untainted by the lineup. Our review shows the evidence does not preponderate against that finding; thus, we are not at liberty to disturb it. *Harrison v. State*, 532 S.W.2d 566 (Tenn.Crim.App.1975).

Also, there was no error in the court allowing the defendant to be cross-examined in the first phase of this trial about his prior convictions. Once he decided to take the witness stand this was a proper subject matter for impeachment. Moreover, we note that the defendant himself first testified about his prior convictions on direct examination. Had he not become a witness, certainly the State would not have been allowed to introduce evidence about his prior crimes at that stage, but that was not the situation here.

Additionally, the defendant's counsel was not entitled to cross-examine one of the witnesses about pending indictments. *State v. Morgan*, 541 S.W.2d 385 (Tenn. 1976); *Posley v. State*, 199 Tenn. 608, 288 S.W.2d 455 (1956). The defendant's counsel was permitted limited inquiry of some of the witnesses about the alleged sale of drugs on their part. The court correctly ruled in these matters.

Finally, the defendant claims that the verdicts are contrary to the law and the evidence. Our discussion under the other assignments have adequately answered this complaint.

We overrule the defendant's assignments of error and affirm the judgments of the trial court.

DWYER, P. J., and O'BRIEN, J., concur.