Rickey Alan MOORMAN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 7, 1978.

Certiorari Denied by Supreme Court Feb. 20, 1979.

**474**

Edward G. Thompson, Public Defender, and Walker Gwinn, Memphis, and William C. Moore, Asst. Public Defenders, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, Thomas Henderson and Carter Myers, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The appellant, Ricky Alan Moorman, was convicted of armed robbery and sentenced to serve 25 years in the state penitentiary. In his assignments of error, he says there is a material variance in the indictment and proof, and that the trial judge erred in not suppressing a confession, in refusing to charge larceny from the person and in failing to permit the jury to determine whether the confession was given freely and voluntarily. The assignments of error are without merit.

On June 9, 1977, the appellant entered Peoples' Pharmacy in Memphis and purchased a box of Anacin tablets. He returned, grabbed an employee, Ms. Angie Choiniere, from the rear and held a knife to her neck. He then ordered the owner of the pharmacy, Mr. John Moffitt, to give him drugs. After Mr. Moffitt handed drugs to the appellant, he ordered Mr. Moffitt to give him money from the cash register and Mr. Moffitt complied. The appellant then demanded more drugs from Mr. Moffitt and Mr. Moffitt again complied. After the appellant cut the telephone cord and required Mr. Moffitt, Ms. Choiniere and another employee to lie down, he left the premises.

All three occupants of the pharmacy identified the appellant in a police lineup the day following the robbery and they also made a positive in-court identification of him. When the appellant re-entered the pharmacy at the time of the robbery, he returned the box of Anacin tablets which he had purchased earlier, and his fingerprints were found on the box. Furthermore, the appellant gave a confession to the robbery. The evidence of his guilt is overwhelming.

■ In his first assignment, the appellant says that there is a fatal variance between the indictment and the proof because the indictment charged that Ms. Choiniere was the victim of the robbery while the undisputed evidence was that Mr. Moffitt was the victim. He says that Ms. Choiniere was not the owner of the property, nor was she in actual or constructive possession.

The offense is defined by T.C.A. § 39–3901:

39–3901. Robbery—Penalty.—Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten (10) years.

Ms. Choiniere was undoubtedly the victim of the violence and the person put in fear. In *Morgan v. State*, 220 Tenn. 247, 251, 415 S.W.2d 879, 881 (1967), the Supreme Court said:

> The elements necessary to make out the offense of robbery are the taking must be felonious and forcible and from the person of the party robbed, either actual or constructive. It is actual when the taking is immediately from the person; *and constructive when in the possession or in the presence of the party robbed*. *Jones v. State*, 214 Tenn. 683, 383 S.W.2d 20 (1964); *Kit v. State*, 30 Tenn. 167 (1850); *Hammond v. State*, 43 Tenn. 129 (1866). [Emphasis supplied.]

The record is clear that Mr. Moffitt (the pharmacist and owner of the drug store), Ms. Choiniere and another employee were all present in the store. Ms. Choiniere was a "pharmacist intern." Her duties involved filling and compounding prescriptions, working "over the counter," and working "with the cash register." The evidence was sufficient to support a finding that she was in constructive possession of the cash and drugs which were taken. Since she was a store employee with the duty to wait on customers and operate the cash register, she had joint possession of the drugs and cash along with Mr. Moffitt, the owner. Without doubt, the property was taken "in the presence" of Ms. Choiniere. The first assignment is overruled.

The appellant next complains that the confession which he gave police officers after he had been diagnosed as suffering "mild" drug withdrawal symptoms was not admissible in evidence; appellant says his statement was not voluntarily given after an "intelligent waiver" of his *Miranda* rights. The resolution of this fact issue necessitated a choice between the credibility of the appellant and the credibility of several State witnesses. The Criminal Court decided the issue against the appellant; there is ample evidence to support this decision and no room for interference by a reviewing court. We do not find that the evidence preponderated against the trial court's finding and for this reason, we must overrule this assignment. *Mitchell v. State*, 3 Tenn.Cr.App. 153, 458 S.W.2d 630 (1970).

The appellant next complains of the trial judge's failing to charge the jury on larceny from the person, a lesser included offense to armed robbery. *Johnson v. State*, 531 S.W.2d 558 (Tenn.1975). It is well settled that when there is no evidence tending to support a lesser included offense, the failure to instruct on it is not error. In *O'Neil v. State*, 2 Tenn.Cr.App. 518, 533, 455 S.W.2d 597, 604 (1970), this court said with reference to an armed robbery conviction:

> There is an assignment in which Fisher and Rathbone contend it was error for the court not to charge on lesser included offenses. Instructions are required without request if the proof raises that issue. T.C.A. Section 40–2518. When there is no evidence to support a lesser included offense so that the accused can only be guilty of the greater or no offense at all, it is not error to refuse to instruct on the lesser included offenses. *James v. State*, 215 Tenn. 221, 385 S.W.2d 86; *Patterson v. State*, 218 Tenn. 80, 400 S.W.2d 743; *Bolin v. State*, 219 Tenn. 4, 405 S.W.2d 768. There was no such evidence to be found in this record. The assignment is accordingly overruled.

Also see *Whitwell v. State*, 520 S.W.2d 338 (Tenn.1975); *Judge v. State*, 539 S.W.2d 340 (Tenn.Cr.App.1976).

The appellant did not testify and offered no evidence in his defense; leaving the State's evidence undisputed. There is no evidence in the record which would tend to reduce the grade of the offense to larceny from the person. This assignment is overruled.

■ Finally, the appellant complains of the trial judge's failing to grant a special request for a jury charge which would have allowed the jury to determine if the confession was freely and voluntarily made and would have given them the criteria to consider in determining this question. This assignment cannot be considered because the appellant has not cited authority of law or fact in support of it and has not briefed the assignment with argument or discussion. Supreme Court Rule 14; *Rockett v. State,* 475 S.W.2d 561 (Tenn.Cr.App.1971); *Roberts v. State,* 4 Tenn.Cr.App. 505, 474 S.W.2d 152 (1971).

We note however, that the trial judge, in admitting the confession in evidence and in instructing the jury with reference to it, complied with *State v. Pursley,* 550 S.W.2d 949 (Tenn.1977).

The judgment of the Criminal Court is affirmed.

DWYER and O'BRIEN, JJ., concur.