**STATE of Tennessee, Appellee,**

v.

**Donald Thomas WRIGHT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 6, 1982.

Permission to Appeal Denied by Supreme Court May 3, 1982.

---

Delilah A. Speed, Speed & Walker, Columbia, T. Jerome Abernathy, Abernathy, Abernathy & Dunavant, Pulaski, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Rhona J. Cartwright, Asst. Atty. Gen., Nashville, Robert H. Gay, Dist. Atty. Gen., Lawrenceburg, Jim T. Hamilton, Asst. Dist. Atty. Gen., Mount Pleasant, Jerry Colley, Sp. Prosecutor, Columbia, for appellee.

## OPINION

DWYER, Judge.

This is an appeal of right from appellant's conviction for committing the offenses of murder in the first degree, T.C.A. § 39–2402, and murder in the second degree, T.C.A. § 39–2403. Punishment for both offenses was affixed by the jury at life imprisonment. The trial court ordered the sentences to be served consecutively. Appellant's conviction of carrying a pistol for the purpose of being armed has not been challenged on appeal.

The appellant has seven issues, one of which challenges the sufficiency of the evidence relative to his murder in the first degree conviction. This challenge is premised upon the assertion that the element of premeditation is lacking. We will review the evidence to determine if that element is present.

The two murder convictions against appellant were the result of his shooting John Neal, Jr., and Robert Smith on April 5, 1980. The victims and appellant were attending a mule pulling contest at J. B. Potts' place, located in the Theta Community, Maury County. The State's witnesses related that during the afternoon an altercation arose between the appellant's sister and a Mark McDade, which prompted her to seek the assistance of the appellant. The witnesses saw appellant coming out of a tavern located on Potts' place. He pulled a pistol, cocked the weapon back and ran to the victim Smith, striking him alongside the head. John Neal moved toward the appellant but upon noticing the weapon he stepped back with his hands up. The appellant raised the pistol and shot him. Turning, appellant placed both hands on the gun and shot Smith. The State's witnesses related that in subduing the appellant the gun discharged twice more. Once the gun was taken from his possession the appellant left in his van.

The victims died from single gunshot wounds fired from a .22 caliber semi-automatic pistol. The cause of death was exsanguination (loss of blood).

The appellant, testifying in his own defense, and bolstered by other witnesses related that he attempted to extricate his brother from a hostile group[1] by pulling out his gun. Somebody tackled him from the backside causing the gun to discharge and during the struggle the gun went off again. Summed up, he had no intention of shooting anyone, did not know either victim and had no reason to kill them.

We view the evidence under settled rules of law, *i.e.*, the jury by its verdict has resolved the conflicts in the testimony of the witnesses in favor of the State, and upon appeal the State is entitled to the strongest legitimate view of the trial evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). It is not our prerogative to reevaluate the evidence. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973). The sole issue, premeditation, is a question of fact for the jury. *Houston v. State*, 593 S.W.2d 267, 273 (Tenn.1980). With evidence that appellant cocked the pistol, ran to the crime scene, and after shooting Neal turned to the victim placing both hands on the weapon, the jury could and did find from these facts that the subsequent shooting and killing of Smith was done with premeditation. See *Meazel v. State*, 500 S.W.2d 627, 629 (Tenn. Cr.App.1973). The evidence issue is overruled.

■ An abuse of discretion has been alleged in the trial court's refusal to grant appellant's motion for change of venue. After a hearing, the trial court found that while the pre-trial publicity was more than normal, it was fair and not out of the ordinary. The court was of the opinion that enough jurors could be selected who had not been influenced by the publicity.[2] It is appellant's argument that the pre-trial publicity was extensive and due to the notoriety of the appellant and his family, a fair trial in Maury County was virtually impossible.

A change of venue is a matter which addresses itself to the sound discretion of the trial court. *Rippy v. State*, 550 S.W.2d 636, 638 (Tenn.1977). Over eighty prospective jurors were examined separately and apart before qualifying. Of the twelve jurors seated, none were challenged for cause. All expressed a belief that they would be fair and impartial and could disregard any opinion they may have and decide the matter solely on the evidence adduced in court. See *Irvin v. Dowd*, 366 U.S. 717, 722, 723, 81 S.Ct. 1639, 1642, 1643, 6 L.Ed.2d 751 (1961). In light of the above, we conclude no abuse of discretion has been shown by the trial court denying the motion for change of venue. See *State v. Hoover*, 594 S.W.2d 743 (Tenn.Cr.App.1979). This issue is overruled.

In the absence of authorities, see *Rockett v. State*, 475 S.W.2d 561, 563 (Tenn.Cr.App. 1971), T.R.A.P. 27(a)(7), the following issues are waived:

Whether the jurors in rendering their verdict acted out of fear for their personal safety;

Whether the trial court erred in denying his motion for mistrial on the grounds that prejudicial reading material was placed in the jury room by a member of the district attorney general's staff;

Whether the trial court erred in having an *ex parte* conversation with the jury after the trial but prior to the hearing on defendant's motion for concurrent sentences.

Even if we considered the issues, with no actual prejudice having been shown[3], see

---

1. Appellant related that a group of people were kicking and hitting his brother.

2. In denying the motion the court related that counsel could renew the motion after voir dire. The subsequent motion was denied.

3. Appellant concedes that there was no proof that the jurors' fear influenced the verdict. Also, it has been conceded that none of the jurors read the alleged prejudicial articles in question. Finally, the trial court commented during the motion for new trial that his discussions with the jurors regarding the actual time

*Sullivan v. State*, 513 S.W.2d 152, 155 (Tenn.Cr.App.1974), the issues have no merit.

■ The trial court's denial of appellant's motion for continuance has also been challenged. The appellant had retained counsel on April 6, 1980. The trial court appointed co-counsel on August 13, 1980. Co-counsel informed the court that he had spent the ensuing four days preparing himself for the trial. The court in denying the continuance found retained counsel was experienced and that the appointed co-counsel had adequate time to advise her on legal and evidentiary matters and to assist retained counsel with matters of trial strategy.[4] There was no abuse of discretion in denying the motion for continuance. *Baxter v. State*, 503 S.W.2d 226, 230 (Tenn.Cr.App.1973). This issue is overruled.

■ As his last issue, appellant avers that an abuse of discretion arose when the trial court ordered his sentences to be served consecutively. The trial court found the appellant to be a "dangerous offender" as defined by *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976).

Appellant's actions in shooting and killing two unarmed persons in a crowded area demonstrate that he had little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. *Gray, supra*. The trial court's classification of appellant as a dangerous offender was proper. The issue is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and BYERS, JJ., concur.

that defendant would serve on his life sentence did not influence him adversely to the defendant.

4. These were the only reasons that the trial court appointed co-counsel. The retained counsel informed the court that she was adequately prepared for trial.