UNITED STATES of America,
Plaintiff-Appellee,

v.

Pauline VANDAM, Defendant-Appellant.

No. 14871.

United States Court of Appeals
Sixth Circuit.

Nov. 7, 1962.

Arthur J. Schuh, Cincinnati, Ohio (Thomas A. Conroy, Cincinnati, Ohio, on the brief), for defendant-appellant.

Thomas A. Luken, First Asst. U. S. Atty., Cincinnati, Ohio (Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on the brief), for plaintiff-appellee.

Before SHACKELFORD MILLER, Jr.; and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, in a trial to the Court without a jury, was found guilty under both counts of a two-count indictment charging the transportation of a firearm on October 14, 1961, (1) between Kentucky and Ohio and (2) between Ohio and Kentucky, by a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of the provisions of Section 902(e), Title 15, United States Code.

Appellant contends that the District Judge erred in overruling her motion to suppress the evidence, consisting of a blue steel .38 caliber revolver, taken from her at the time of her arrest without a warrant in Newport, Kentucky, by a detective of the Newport Police Department. It is unnecessary to review the evidence leading up to the arrest, except to say that we are of the opinion that probable cause clearly existed for making the arrest without a warrant and that the seizure of the revolver incident thereto was legal. Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879; See: Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145.

Appellant does not seriously contest the validity of her arrest by the Newport

city detective, but contends that the firearm seized as an incident thereto should be returned to her because of the following facts which occurred thereafter.

Following her arrest in Newport at about 2:15 P.M. she was taken to the Newport Police Station and questioned. A United States Commissioner in Cincinnati, Ohio, issued warrants at about 6:00 P.M. based on an affidavit of an FBI agent, charging appellant with the interstate transportation of a stolen automobile and the interstate transportation of a kidnapped person. At approximately 7:30 P.M. a deputy United States Marshal from Cincinnati arrived at the Newport Police Station with the warrants. After trying unsuccessfully to contact the United States Commissioner at Covington, Kentucky, an adjoining city in the same district, he was advised by the FBI office in Cincinnati that the United States Commissioner in Cincinnati was available. He made no effort to contact anyone in Kentucky other than the United States Commissioner and took appellant from Newport, Kentucky, to Cincinnati, Ohio, arriving there at approximately 8:00 P.M. Appellant was arraigned before the Commissioner in Cincinnati at approximately 8:15 P.M. Her bond was set at $25,000.00 and she remained in custody for a period of some ten days until the time of the preliminary hearing before the Commissioner.

At the preliminary hearing the charge pertaining to kidnapping was dismissed and appellant was held over to the grand jury on the charge of the interstate transportation of a stolen motor vehicle. On November 1, 1961, an indictment was returned charging her with that offense. On the trial under that indictment appellant's motion to dismiss the indictment was sustained.

Also, on November 1, 1961, an indictment was returned charging appellant with the unlawful interstate transportation of a firearm, which upon later being found to be defective was not pressed. On November 8, 1961, the indictment in the present case was returned.

Appellant points out that the United States Marshal violated the provisions of Rule 40(a), Rules of Criminal Procedure, in taking appellant from Newport, Kentucky, to Cincinnati, Ohio, without a preliminary examination before "the nearest available commissioner *or* other nearby officer" empowered to commit persons charged with offenses against the laws of the United States. (Emphasis added.) It is admitted that no attempt was made to contact some "other nearby officer" when it developed that the United States Commissioner in Covington, Kentucky, was not available. Appellant contends that, accordingly, she was illegally detained in Ohio after being removed there from Kentucky.

Appellant also contends that the rule in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, that a confession is inadmissible in a trial for a federal offense if made during illegal detention in violation of the provisions of Rule 5(a), is not restricted to confessions but extends to all evidence obtained during such illegal detention *or* by reason of an illegal removal from one state to another in violation of Rule 40(a), United States v. Klapholz, 230 F.2d 494, 498, C.A.2nd, cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454; Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669.

No case is cited to us which extends the McNabb rule dealing with a violation of Rule 5(a) to a situation involving a violation of Rule 40(a). Rule 40(a) does not itself so provide.

In addition, the contentions of appellant fail to take into consideration that any violation of Rule 40(a) occurred after the evidence had been legally obtained through the lawful arrest of the appellant and the search and seizure incident thereto, and that the evidence was, accordingly, not procured as a result of or during any illegal detention. At the time when the revolver was taken from the appellant by the Newport city detective she was in legal custody. United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48. The McNabb rule does not

retroactively change the circumstances under which evidence was previously legally obtained. United States v. Mitchell, 322 U.S. 65, 70, 64 S.Ct. 896, 88 L.Ed. 1140, rehearing denied, 322 U.S. 770, 64 S.Ct. 1257, 88 L.Ed. 1595; United States v. Leviton, 193 F.2d 848, 853, C.A.2nd, cert. denied, 343 U.S. 946, 72 S.Ct. 860, 96 L.Ed. 1350.

The foregoing ruling also answers appellant's contention that she was improperly denied the right to introduce evidence in her own behalf at the Commissioner's hearing in Cincinnati, contrary to the provisions of Rules 5(c) and 40(a) of Criminal Procedure.

■ We find no merit in appellant's contention that it was error for the District Judge to overrule appellant's motion to dismiss the indictment at the close of the Government's case because the warrant of arrest was issued by the Commissioner on insufficient evidence. The validity of an indictment is not dependent upon errors that may have occurred in the issuance of the warrant by the United States Commissioner or errors that may have occurred in the preliminary hearing. Barrett v. United States, 270 F.2d 772, 775-776, C.A.8th; United States v. Shields, 291 F.2d 798, 799, C.A.6th, cert. denied, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed. 2d 196, rehearing denied, 368 U.S. 962, 82 S.Ct. 401, 7 L.Ed.2d 393.

■ Appellant also contends that it was error for the District Judge to overrule her motion for a directed verdict of acquittal at the close of the Government's case, in that the evidence, mainly circumstantial, was insufficient to take the case to the jury. Appellant relies upon the rule that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. Although there has been support for such a rule, it is now settled that circumstantial evidence, if strong enough to convince a jury of a defendant's guilt beyond a reasonable doubt, is sufficient to take a case to the jury and sustain a verdict. Holland v. United States, 348 U.S. 121, 139-140, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Baxter, 289 F.2d 487, C.A.6th. We are of the opinion that the motion was properly overruled.

The judgment is affirmed.