**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Maurice PRIEUR, Defendant-Appellant.**

**No. 19404.**

United States Court of Appeals,
Sixth Circuit.

July 31, 1970.

William F. Huetteman, Detroit, Mich., for defendant-appellant; George E. Woods, Detroit, Mich., on brief.

Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; James H. Brickley, U. S. Atty., Detroit, Mich., on brief.

Before CELEBREZZE and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Maurice Prieur appeals from a judgment entered upon a jury verdict, convicting him of the theft of four cartons of men's underwear from an interstate shipment, in violation of 18 U.S.C. § 659. His appeal presents only the question of whether the evidence was sufficient to warrant submission of the issue of his guilt to the jury.

We affirm.

The government's evidence showed that six cartons of men's underwear had been

loaded at Kenosha, Wisconsin, into a Knox Trailer 580, attached to a truck of Express Freight Lines. The manifest and freight bill showed the consignee of such shipment was the J. L. Hudson Company, Dearborn, Michigan. The truck did arrive at the terminal of Express Freight Lines in Detroit. On the morning of May 10, 1965, it was discovered that four of the cartons of underwear were missing from Knox Trailer 580. A tarpaulin covering the trailer had been cut or torn. Three eyewitnesses established that appellant stole cartons of men's underwear from a truck in the terminal of Express Freight Lines on the previous evening, May 9, 1965. The eyewitnesses' description of the vehicle from which appellant was seen stealing cartons of men's underwear matched the description of Knox Trailer 580, and its tarpaulin, into which the cartons of men's underwear had been loaded. Appellant does not challenge the sufficiency of this evidence to establish that he was involved, with another, in a larceny from a vehicle at the Express Freight Lines terminal on that evening. He insists, however, that there was no evidence that the cargo from which he made such theft consisted of, or included, the cartons of underwear that had been shipped in Trailer 580 from Wisconsin. He suggested that the missing cartons of underwear here at issue could have been lost in transit during the journey from Wisconsin to Michigan.

We are of the view that there was sufficient evidence from which a jury could find that, beyond a reasonable doubt, the goods stolen by appellant were four of the six cartons of men's underwear loaded into the Knox Trailer 580 in Wisconsin.

In testing the sufficiency of evidence to resist a motion for direction of acquittal, such evidence and the inferences that may justifiably be drawn therefrom, are to be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Luxenberg, 374 F.2d 241, 248 (6th Cir. 1967); United States v. Conti, 339 F.2d 10, 13 (6th Cir. 1964); United States v. Decker, 304 F.2d 702, 705 (6th Cir. 1962). Where evidence is circumstantial, the same test applies and it is not necessary that such evidence remove every reasonable hypothesis except that of guilt. Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150 (1954); United States v. Thomas, 303 F.2d 561, 562–563 (6th Cir. 1962); United States v. Conti, 339 F.2d 10, 12–13 (6th Cir. 1964).

Applying these rules, we believe that the government's evidence was sufficient to justify submitting the question of defendant's guilt to the jury. The suggestions that appellant was not connected with the theft of the underwear missing from Knox Trailer 580, or that such underwear as appellant did steal had not moved in interstate commerce, are only alternative hypotheses which might be drawn with very considerable difficulty. As such they do not forbid a jury's more plausible conclusion that, beyond a reasonable doubt, appellant Prieur stole the four cartons of underwear identified in the indictment.

Appellant argues that Hall v. United States, 182 F.2d 833 (8th Cir. 1950), supports his position. There the Eighth Circuit held that the government failed to establish that stolen goods were a part of an interstate shipment. We consider that such case is factually distinguishable from the one before us, and if not we would respectfully decline to follow it. We are satisfied that United States v. Kye, 411 F.2d 120 (8th Cir. 1969), expresses the current view of the Eighth Circuit that is agreeable to our holding here.

Judgment affirmed.