Tilman PHILLIPS, Petitioner,

v.

Lewis TOLLETT, Warden, Brushy Mountain Penitentiary, Tennessee, Respondent.

Civ. A. No. 2539.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 14, 1971.

Supplemental Opinion Aug. 28, 1971.

Tilman Phillips, pro se.

David M. Pack, Atty. Gen., and Bart Durham, III, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

In response to this Court's order of June 20, 1970 for the respondent to show cause why the federal writ of habeas corpus should not be granted herein, he filed on July 23, 1970 a series of exhibited documents from the office of the clerk of the Criminal Court of Sullivan County, Tennessee in the case of State v. Tilman Eugene Phillips, Jr., no. 4940BL.

The petitioner Mr. Phillips claims that he applied by United States mail to the Criminal Court of Sullivan County, Tennessee for the state writ of habeas corpus on some date after April 20, 1970; that, on some subsequent date, he applied to the Court of Criminal Appeals of Tennessee and the Tennessee Supreme Court by United States mail for such writ; and that " * * * [n]one of the said courts filed the said petition * * * "; that " * * * [b]oth the trial court and the State [sic] Supreme Court failed to acknowledge receipt of the said petition. * * * " He claims that, in these applications to the courts of Tennessee, *inter alia,* he contended:

(a) that he was arrested without a warrant and without probable cause in violation of his rights under the federal Constitution, Fourth Amendment;

(b) that the consecutive sentences imposed in the aforenumbered action and in another action, no. 4935BL, " * * are unconstitutional * * * ";

(c) that " * * * before, during and after the said trial he was denied certain constitutional rights and he

therefore did not receive a fair trial * * * ";

(d) that he was denied his rights under the federal Constitution, Fifth and Fourteenth Amendments, to due process, and the equal protection of, Tennessee law, by being convicted on a verdict which was contrary to the law and the evidence adduced;

(e) that he was denied his right to the effective assistance of counsel, Constitution, Sixth Amendment;

(f) that he was denied his right under the Constitution, Fifth [sic: Sixth] Amendment, to have compulsory process for obtaining witnesses in his favor; and

(g) that he was denied his right to appeal his conviction, which violated his federal constitutional right to the equal protection of the laws and due process of law under the Constitution, Fifth and Fourteenth Amendments.

Any defect in the procedure of Mr. Phillips' arrest is not a ground for his discharge under this application. Fernandez v. Klinger, C.A. 9th (1965), 346 F.2d 210, 211 [2], certiorari denied (1965), 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152. It does not appear that Mr. Phillips claims sufficiently that any federal right was infringed by the imposition of consecutive sentences after two separate convictions. Any failure of the state of Tennessee to strictly observe Mr. Phillips' right to a fair and impartial trial, as guaranteed by the federal Constitution, Sixth Amendment, would render his trial and conviction for a criminal offense illegal and void, so that redress therefor comes within the ambit of his application for the writ of habeas corpus. Baker v. Hudspeth, C.A. 10th (1942), 129 F.2d 799, 781 [1], certiorari denied sub nom. Baker v. Hunter (1942), 317 U.S. 681, 63 S.Ct. 201, 87 L.Ed. 546, rehearing denied (1942), 317 U.S. 711, 63 S.Ct. 264, 87 L.Ed. 566, rehearing denied (1943), 318 U.S. 800, 63 S.Ct. 767, 87 L.Ed. 1164. The insufficiency of the evidence to support his conviction is not reviewable by this

Court on Mr. Phillips' application for the federal writ of habeas corpus. Fernandez v. Klinger, supra, 346 F.2d at 211 [1]. Mr. Phillips was entitled to the effective aid of counsel in the preparation and trial of a criminal charge against him. Eaton v. United States, C.A. 9th (1967), 384 F.2d 235, 237 [2].

> \* \* \* It would seem absurd and unreasonable to expect this Court to have a hearing to undertake to determine the competency and effectiveness of an attorney who represented [the petitioner] in an unsuccessful defense against criminal charges. \* \* \* Ordinarily, defendants in criminal actions are bound by the acts of their counsel; otherwise courts would be required to adjudicate the ability and competence of their counsel any time defendants were convicted and complained thereafter of his incompetence. \* \* \* Mere improvident strategy, bad tactics, mistake, or carelessness do not necessarily amount to ineffective assistance of counsel, unless taken as a whole the trial was a 'mockery of justice'.

Morgan et al. v. Neal, etc., D.C.Tenn. (1970), 325 F.Supp. 1196. Mr. Phillips claims that his trial was such a mockery, but he must amend his application to specify the particulars of his attorney's contribution to making a mockery of his trial.

The applicant has the right under the Constitution, Sixth Amendment, to " \* \* \* compulsory process for obtaining witnesses in his favor. \* \* \* " Idem. His allegations, if true, would appear to indicate that his federal constitutional right may have been infringed by the trial judge. However, on an evidentiary hearing it may develop that the presence of such witnesses would not have produced any different result, to the prejudice of the petitioner's rights.

The Court finds and concludes that the respondent has not shown good cause why the federal writ of habeas corpus should not be granted. There appear to be circumstances extant rendering the post-conviction process of Tennessee ineffective to protect the rights of this prisoner. 28 U.S.C. § 2254(b).

Mr. Phillips has a federal right to the due process of Tennessee law. He has applied regularly to the courts of Tennessee for the state writ of habeas corpus. Tennessee courts are required to act instanter on applications for the writ of habeas corpus. T.C.A. § 23–1808; Morgan v. State of Tennessee, D.C.Tenn. (1969), 298 F.Supp. 581, 583 [7]. The function of the writ of habeas corpus is to provide applicants " \* \* \* a prompt \* \* \* " remedy. Fay v. Noia (1963), 372 U.S. 391, 401–402, 83 S.Ct. 822, 9 L.Ed.2d 837, 846 [6]. Under the totality of these circumstances, the post-conviction remedy offered Mr. Phillips is wholly inadequate to protect his rights. Morgan v. State of Tennessee, supra, 298 F.Supp. at 583 [8].

The application of the petitioner and the exhibits filed by the respondent presenting issues of fact as well as law, the respondent will be required to produce the body of the petitioner Tilman Phillips before the undersigned judge in the courtroom of the United States District Court for the Eastern District of Tennessee, Northeastern Division, at Greeneville, at two o'clock in the afternoon on Tuesday, August 18, 1970, at which time this Court will summarily hear and determine the facts and dispose of this application forthwith as law and justice require. 28 U.S.C. § 2243.

Writ of habeas corpus granted.

## SUPPLEMENTAL OPINION

The writ of habeas corpus was granted in this proceeding to bring the petitioner Mr. Phillips before this Court on August 18, 1970 for a summary hearing and disposition of his application as law and justice require. See memorandum opinion of August 14, 1970. This Court considered Mr. Phillips' claim that he is in custody of the respondent warden in violation of the federal Constitution

only[1] to the extent of whether he received a fair and impartial trial in the Criminal Court of Sullivan County, Tennessee, in its case no. 4940BL, exactly a year theretofore, and whether in the same trial he was denied compulsory process for obtaining witnesses in his favor. These issues are considered in the inverse order.

It is undisputed that Mr. Phillips requested the state trial judge at a very late moment to issue a subpoena for one Mr. Marion "Red" Necessary. The trial judge complied with this request by causing a subpoena to be issued for the appearance instanter of Mr. Necessary as a witness in favor of Mr. Phillips. Mr. Necessary did not appear[2] in response to a telephone call to his establishment in lieu of personal service of the subpoena; and, after the Court heard evidence and disposed of a motion by Mr. Phillips for a change of venue, the trial proceeded.

■ The state of Tennessee offered evidence through the testimony of Mr. E. K. Burroughs, captain of detectives of the Bristol, Tennessee police department, from which the trial jury might have found directly that Mr. Phillips had committed a felonious assault upon the person of Mr. Burroughs. The defense offered as evidence the testimony of Mr. Phillips, who denied the pertinent averments of Mr. Burroughs, and the testimony of Mr. Denver Holmes, a police sergeant who arrested Mr. Phillips and had surrendered him to Mr. Burroughs a short time before. The import of the testimony of Mr. Holmes was that he overlooked a pistol Mr. Phillips was concealing in his shirt, while searching Mr. Phillips following such arrest. No other witness was offered. Before concluding the trial, the state trial judge ascertained that Mr. Necessary could not be located at or through his place of business, although he was then being sought actively by officers in a patrol car in Bristol, Tennessee. Assuming, but not deciding, that the state of Tennessee denied Mr. Phillips his federal right to effective compulsory process for a witness in his favor, a federal constitutional error can be held to have been harmless, if this Court can declare its belief that it was harmless beyond a reasonable doubt. Keener v. State of Tennessee, D.C.Tenn. (1968), 281 F.Supp. 964, 970 [15–17].

■ Mr. Phillips testified that the witness Mr. Necessary could have testified to the circumstances surrounding his earlier arrest on another charge. This would have been cumulative of the testimony of his witness Mr. Holmes, the officer who actually arrested Mr. Phillips on that earlier charge. In any event, after a valid indictment was returned by a grand jury against Mr. Phillips on the charge under which he was tried, any errors which may have occurred in his arrest on an earlier charge were cured, United States v.

---

1. It appearing that Mr. Phillips did not receive a copy of this Court's order of August 14, 1970 and, accordingly, could not amend his application to this Court to specify the particulars of his retained attorney's contribution to the alleged making his trial a mockery, the Court considered the aforementioned criminal trial from that standpoint and finds and concludes that it was not a mockery of justice, see Morgan et al. v. Neal, etc., D.C.Tenn. (1970), 325 F.Supp. 1196, this district and division, although Mr. Phillips' conduct pointed the proceedings in that general direction, *infra*.

2. Honorable John K. Byers, judge of the Criminal Court of Sullivan County, Tennessee, testified herein that Mr. Necessary was present in the state courtroom during *this* trial of Mr. Phillips. Mr. Burroughs, *infra*, testified also that Mr. Necessary was present at that time; that he (the witness) overheard a conversation between Messrs. Necessary and Phillips on that occasion; and that Mr. Necessary was seated at that time on the front row of seats in the courtroom where Mr. Phillips was being tried. Both, however, recanted and asked for the minutes herein to be corrected, so as to reflect that Mr. Necessary, while present for an earlier trial in the same courtroom, was *not* present at the trial of no. 4940 BL, *supra*.

Vandam, C.A. 6th (1962), 309 F.2d 578, 580 [2]; and the proceedings thereafter against Mr. Phillips were under the indictment, not under the arrest-warrant or warrantless arrest of him.

There was, of course, a wide divergence in the respective testimonies of Messrs. Phillips and Burroughs as to what happened in the process of the alleged assault upon the latter. Other than that, however, the only disputed point in the evidence appears to have been whether the shirt Mr. Phillips was wearing at the time of his confrontation with Mr. Burroughs was of a "button-type" or buttonless. It is undisputed that Messrs. Burroughs and Phillips were alone at the time of their confrontation, so the missing witness Mr. Necessary could have contributed nothing to that issue. All that Mr. Necessary could have contributed to any issue before the jury was whether, at the time of his arrest, Mr. Phillips was wearing a button-type shirt or a buttonless shirt.

■ The gravamen of the issue in the criminal trial of Mr. Phillips was whether he assaulted Mr. Burroughs feloniously with a pistol. It matters not whether Mr. Phillips obtained a weapon from his button-type shirt, from a buttonless shirt, from under his left armpit, from his right shoe, or from the attache case he was carrying at the time. Mr. Burroughs testified Mr. Phillips was wearing a pull-over sports shirt with two unbuttoned buttons on it. Mr. Phillips testified that he wore a pull-over buttonless sports shirt. His witness Mr. Holmes testified it was a button-up-type shirt. It is inconceivable to this Court that the credibility of any one or more of these witnesses could be impeached successfully by whatever Mr. Necessary might have testified as to this unimportant detail of the type of shirt Mr. Phillips was wearing when he was arrested by Mr. Holmes. This Court does declare its belief, therefore, that any error which may have been committed by the state of Tennessee in the trial of Mr. Phillips, by virtue of his having been denied his federal right to effective compulsory process to obtain the attendance on his trial of Mr. Necessary, to testify in Mr. Phillips' behalf, was harmless beyond a reasonable doubt. Chapman v. California (1967), 386 U.S. 18, 24, 87 S. Ct. 824, 17 L.Ed.2d 705, 710–711 [7], rehearing denied (1967), 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241.

■ As has been true in this Court, the presiding judge at Mr. Phillips' state criminal trial had unwarranted difficulty in persuading Mr. Phillips to allow matters to proceed according to the rules of evidence and orderly procedure. As has been well said:

\* \* \* That a judge has control of his court room [3] and the conduct of those attending his court is axiomatic. Indeed, it is a power inherent in any court. In the administration of justice, the judge is charged with the preservation of order in his court and to see to it that justice is not obstructed by any person or persons whatever. Such is inherent in and incident to the exercise of the jurisdiction conferred upon him and is consonant with the power to punish for contempt committed in the presence of the court.

\* \* \* The power to maintain order, to protect itself or its officers from being disturbed in the exercise of their functions, and the power to punish individuals who fail to comply with the rules adopted by the court to that end, are probably the most important of all inherent powers of a court, since such powers are essential to the very existence of a court as a judicial tribunal.

\* \* \* \* \* \*

Wells v. Gilliam, D.C.Va. (1961), 196 F. Supp. 792, 795 [5], [6]. In short, the

---

3. While subscribing to the rationale of Judge Lewis' opinion, this Court would describe a court as one *over* which a judge presides, rather than as "his" court, courts belonging to the people, not to the judge who is called upon to preside over them.

conduct of Mr. Phillips at his trial was so very disorderly that his hands are unclean as he complains that the state of Tennessee failed to strictly observe his federal right to a fair and impartial trial. There may have been other imperfections in that trial;[4] but, considering the disorderliness and lack of decorum on his own part, this Court cannot say that Mr. Phillips was denied his federal right to a fair and impartial trial, to the degree that it violated his right to due process of law. " * * * A defendant is entitled to a fair trial but not a perfect one. * * * " Lutwak v. United States (1953), 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593, 605.

The petitioner, accordingly, hereby is DENIED all relief. Judgment will enter dismissing his petition herein, Rule 58, Federal Rules of Civil Procedure, and ordering the petitioner returned to the Tennessee state penitentiary, Brushy Mountain, Tennessee, and redelivered to the custody of the warden thereof.

---

4. The trial judge advised Mr. Phillips that a witness cannot confer with his attorney " * * * after he goes upon the witness stand * * * "; Mr. Phillips should have been permitted to retrieve from a nearby place the shirt he claims he was wearing at the time of his arrest, on his argument that he was " * * * entitled to submit anything to refute what they [other witnesses] say. * * * "