UNITED STATES of America, Plaintiff,

v.

**Selma E. OVERBAY, Defendant.**

No. CR–2–77–14.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 21, 1977.

Supplemental Opinion and Order
Aug. 29, 1977.

John L. Bowers, U. S. Atty., Gordon Ball and Richard K. Harris, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Thomas L. Kilday, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

After the discharge of the jury without having returned a verdict herein as to counts 1–10, inclusive, and 12 of the indictment herein, the defendant Ms. Overbay moved timely for a judgment of acquittal as to all such remaining counts, or, alternatively, as to certain specified counts. Rule 29(c), Federal Rules of Criminal Procedure. Essentially the defendant challenges the sufficiency of the evidence to support a verdict of guilt.

■ The defendant is wholly mistaken in her contention that any finding of guilt based on circumstantial evidence must be such in this court that every reasonable hypothesis except that of guilt is excluded. *Holland v. United States* (1954), 348 U.S. 121, 139–140, 75 S.Ct. 127, 137–138[22–24], 99 L.Ed. 150, rehearing denied (1955), 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731; *United States v. Van Hee,* C.A. 6th (1976), 531 F.2d 352, 358[9]; *United States v. Dye,* C.A. 6th (1974), 508 F.2d 1226, 1231[3], certiorari denied (1975), 420 U.S. 974, 95 S.Ct. 1395, 43 L.Ed.2d 653; *United States v. Morgan,* C.A. 6th (1972), 469 F.2d 83, 84[1]; *United States v. Scales,* C.A. 6th (1972), 464 F.2d 371, 373[2]; *United States v. Prieur,* C.A. 6th (1970), 429 F.2d 1237, 1238[3]; *United States v. Burkeen,* C.A. 6th (1965), 350 F.2d 261, 264[5], certiorari denied *sub nom. Matlock v. United States* (1965), 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369; *United States v. Carter,* C.A. 6th (1963), 311 F.2d 934, 940[5], certiorari denied *sub nom. Felice v. United States* (1963), 373 U.S. 915, 83 S.Ct. 1301, 10 L.Ed.2d 415, rehearing denied (1963), 373 U.S. 954, 83 S.Ct. 1677, 10 L.Ed.2d 708. If the jurors are convinced by circumstantial evidence beyond a reasonable doubt of the defendant's guilt, this is sufficient. *United States v. Vandam,* C.A. 6th (1962), 309 F.2d 578, 580[3].

" * * * In determining the sufficiency of the evidence to withstand a motion for a judgment of acquittal, the evidence and all reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the government. * * * And if under such view of the evidence it is concluded that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is for the jury. However, if under such view of the evidence it is concluded there must be some doubt in a reasonable mind, the motion for acquittal must be sustained. * * * " *United States v. Collon,* C.A. 6th (1970), 426 F.2d 939, 942[2]; *accord: United States v. Prieur, supra,* 429 F.2d at 1238[2].

Each of the remaining counts of the indictment charges that the defendant embezzled and " * * * converted to her own use * * * " the proceeds of certain government checks in violation of the provisions of 18 U.S.C. § 665. The prosecution will provide the Court with the testimony and other evidence as to each remaining count which it claims would support any finding of such conversion on the part of the defendant. This motion will be held in abeyance until such record is provided by the United States attorney.

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

■ The defendant Ms. Selma E. Overbay was tried on a multiple-count indictment charging her with embezzlement of federal manpower funds. 18 U.S.C. § 665(a). A mistrial was declared when the jurors were unable to agree. She moved posttrial for entry of a judgment of acquittal on all remaining counts on the ground, *inter alia,* that there was insufficient evidence before the jury to support any finding by its members beyond a reasonable doubt that she had converted manpower funds to her own use.

The Court accorded the prosecuting attorney an opportunity to provide the Court with the precise testimony and other evidence as to each remaining count which the prosecution claimed would support a jury finding that Ms. Overbay had converted such funds to her own use. See memorandum opinion and order herein of July 21, 1977. The prosecuting attorney asserted that such conversion of such funds is not an essential element of the crime charged against Ms. Overbay; however, he furnished, without any specification whatever, all the testimony of 20 of the witnesses at the former trial, including that of the defendant.

The only semblance of evidence the Court was able to glean from the aforementioned witnesses of any act of alleged conversion of the funds in question by Ms. Overbay was found in the testimony of Ms. Charlotte Watts, Ms. Darlene Bales, and Ms. Joan Tweed. Each of them is a bank teller who cashed pre-endorsed checks for Ms. Over-

bay. Three methods of handling the proceeds thereof seem to have resulted: (1) those proceeds were placed by the tellers in separate envelopes with the name of the respective payees written on the envelope with the cash inside it; (2) the teller supplied Ms. Overbay simultaneously with an adding-machine "tape" reflecting the amount of each check cashed and placed it with the aggregate amount of cash in a single envelope; or (3) (a) the teller placed such proceeds in a single envelope with all the names of the respective payees written thereon, or (b) the teller placed such proceeds in a single envelope with no such notations, and delivered them to Ms. Overbay who received them.

Ms. Overbay admitted in her testimony that she signed, uttered and endorsed the aforementioned checks involving manpower funds, and that she received the proceeds from the aforenamed and other tellers in the respective manners testified-to by them. She testified in addition, however, that thereafter she distributed all of the funds she *received* in this manner to children participating in the program she was administering who had not received checks to which they were entitled themselves for work and kept none of these proceeds for herself or her own benefit.

The aforecited statute, under which Ms. Overbay was indicted, *supra*, is in general terms. It provides:

> \* \* \* Whoever, being an officer, director, agent, or employee of, or connected in any capacity with, any agency receiving financial assistance under the Comprehensive Employment and Training Act of 1973 embezzles, wilfully misapplies, steals, or obtains by fraud any of the moneys, funds, assets, or property which are the subject of a grant or contract of assistance pursuant to this Act shall be fined not more than $10,000 or imprisoned for not more than two years, or both; but if the amount so embezzled, misapplied, stolen, or obtained by fraud does not exceed $100, he shall be fined not more than $1,000, or imprisoned not more than one year, or both.

18 U.S.C. § 655(a). Conversion to a defendant's own use is an essential element of the federal crime of embezzlement. *Moore v. United States* (1895), 160 U.S. 268, 269–270, 16 S.Ct. 294, 40 L.Ed. 422, 424. Where a statute does not set forth all the elements necessary to constitute the offense intended to be punished, no crime is charged unless the grand jury charges all such necessary elements of the crime in the indictment returned. *United States v. Carll* (1882), 105 U.S. 611, 611–613, 26 L.Ed. 1135, 1135–1136. Furthermore, where a statute is laid in general terms, it is insufficient in an indictment drawn for the violation of that statute for a grand jury to charge the language of the statute without particularizing in what manner the defendant violated that statute. *United States v. Simmons* (1877), 96 U.S. 360–366, 24 L.Ed. 819, 820 (headnote 1).

The respective counts of the indictment returned by the grand jury herein included an accusation that Ms. Overbay had converted manpower funds she had embezzled to her own use and described in what manner she had obtained by fraud such funds. The purport of each count of the indictment the grand jury returned herein is that Ms. Overbay, on or about certain specified dates within the jurisdiction of this Court:

> as an employee of a certain state agency receiving federal financial assistance under the Comprehensive Employment and Training Act of 1973, wilfully and knowingly embezzled and obtained by fraud certain amounts of money which were the subject of a grant or contract pursuant to the aforecited Act,
>
> by causing certain respective checks drawn by such state agency on a certain bank account and payable to certain respective beneficiaries thereof who were not entitled thereto, causing said checks to be delivered to herself, forging the respective payees' names thereon and uttering such checks and then having
>
> " \* \* \* received and converted to her own use the proceeds thereof, well knowing that she was not entitled thereto. \* \* \* "

The defendant challenged the sufficiency of this indictment. That challenge was rejected. See memorandum opinion and order herein of June 13, 1977. In part, this Court stated at that time:

\*　　\*　　\*　　\*　　\*　　\*

\* \* \* It is generally sufficient that an indictment set forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without any ambiguity or uncertainty, *set forth all the elements necessary to constitute the offense* intended to be punished. *Ibid. Hamling v. United States* [(1974)], 418 U.S. [87] at 117 [94 S.Ct. 2887, at 2907], 41 L.Ed.(2d) [590] at 620–621[26]. " \* \* \* 'Undoubtedly the language of the statute may be used in *the general description of an offense*, but it *must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which [s]he is charged.'* \* \* \* " *Ibid.*, 418 U.S. at 117–118 [94 S.Ct. at 2907], 41 L.Ed.(2d) at 621[27], quoting from *United States v. Hess* (1888), 124 U.S. 483, 487, 8 S.Ct. 571, 31 L.Ed. 516, 518. \* \* \* [Emphases supplied.]

In the absence of the second and last paragraphs of the indictment, as paraphrased hereinabove on page 261, this Court would have found the indictment herein insufficient. But, the inclusion by the grand jury in its allegations in this indictment of the essential elements of conversion as to the accusation of embezzlement and of the details of the manner in which Ms. Overbay obtained by fraud manpower funds, qualified the indictment to pass muster under the Constitution, Sixth Amendment.\*

The prosecution's proof herein must have corresponded substantially with the allegations of the grand jury in the indictment it returned. *Berger v. United States* (1935), 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314, 1318 (headnote 4); see also 17 A.L.R. 922–925, Anno.: Directing Acquittal, § III a. 3. The fact that Ms. Overbay may have violat-

ed some procedure, regulation or her instructions as an employee; the fact that her conduct may have been unethical; and the fact that she may have violated some other law is not evidence that she embezzled and obtained by fraud manpower funds and converted them to her own use. It was essential that there have been evidence from which the jury could have found Ms. Overbay guilty beyond a reasonable doubt of one or more of the particular offenses against the federal criminal law with which the grand jury *charged* her herein. *United States v. Swarthout*, C.A. 6th (1970), 420 F.2d 831, 833[1].

It was appropriate for the grand jury to have alleged in each of the remaining single counts that Ms. Overbay committed the offenses by one or both of the specified means. Rule 7(c)(1), Federal Rules of Criminal Procedure. But, contrary to the assertion of the prosecuting attorney in his brief, it was essential that there have been probative evidence presented as to those means as alleged in the indictment: this included evidence, not only that she *received* the proceeds of manpower checks, but also that she then " \* \* \* converted to her own use the proceeds thereof, well knowing that she was not entitled thereto. \* \* \* "

That Ms. Overbay received the proceeds of these manpower checks is undisputed. That she subsequently converted any of those proceeds to her own use is not supported by any evidence. Ms. Overbay's assertion that she put the proceeds of these checks to the use of third persons was not contradicted by the prosecution by any evidence to which the attention of this Court has been drawn. Ms. Overbay may not be convicted for embezzlement (or obtaining those proceeds by fraud) if manpower funds were put to the use of third persons. *United States, v. Williams*, C.A. 4th (1973), 478 F.2d 369, 373[10].

In passing upon a motion for entry of a judgment of acquittal on the ground of the insufficiency of the evidence, the trial judge

---

\* "In all criminal prosecutions, the accused shall enjoy the right \* \* \* to be informed of the nature and cause of the accusation. \* \* \* " Constitution, Sixth Amendment.

must view the evidence and all reasonable inferences therefrom in the light most favorable to the prosecution. *United States v. Collon*, C.A. 6th (1970), 426 F.2d 939, 942[2]. If, thereunder, the trial judge concludes that a reasonable mind might fairly find the defendant guilty as charged beyond a reasonable doubt, the motion should be denied. " * * * However, if under such view of the evidence it is concluded there must be some doubt in a reasonable mind, the motion for acquittal must be sustained. * * * " *Idem.*

The prosecuting attorney argues that a *prima facie* case of only embezzlement has been made-out against Ms. Overbay. It is mistakenly argued, see *supra*, that conversion is not an essential element of that crime. In addition, the prosecuting attorney asserts (without any demonstration whatever of it) that the evidence showed " * * * a substantial shortage in property committed to the possession of the defendant, and no reasonable explanation by the defendant * * * " of that shortage. It is true that, where " * * * there is a substantial shortage in property committed to the possession of the defendant, and in fact acquired in the first instance at [her] request, and no plausible explanation of the shortage is rendered by the defendant, the trier of fact may reasonably infer from the circumstances that the custodian of the property has embezzled or converted it. * * * " *United States v. Mosely*, C. A. 8th (1974), 507 F.2d 257, 258–259[3], certiorari denied (1975), 420 U.S. 977, 95 S.Ct. 1402, 43 L.Ed.2d 658. The prosecution made no showing of any shortage in manpower funds committed to the custody of Ms. Overbay to say nothing of a " * * * substantial * * * " shortage. Whether there is any " * * * shortage * * * " at all is problematical. The only facts upon which the prosecution can base such a conclusion is evidence from the bank tellers who testified that Ms. Overbay may have cashed more checks that she admitted.

Ordinarily, the Court, in passing upon a motion for an acquittal, disregards the evidence presented by the defendant which countervails that offered by the prosecution. Assuming *arguendo* that there were evidence providing proof that Ms. Overbay converted the proceeds of the checks in question to her own use, her own testimony reflects without dispute that she converted those proceeds to the use of third persons.

Even though Ms. Overbay has the interest of an accused defendant herein, there is undisputed evidence that she bore before those incidents a good reputation for both truth and honesty. It that situation, it is not difficult to comprehend a reasonable doubt in the minds of the jurors of the defendant's guilt. *Cf. United States v. Melillo*, D.C.N.Y. (1967), 275 F.Supp. 314, 316; see and *cf.* also *United States v. Gasomiser Corporation*, D.C.Del. (1948), 7 F.R.D. 712, 721[18] (although that decision is based on the exclusion of every reasonable hypothesis other than guilt in the light of circumstantial evidence, a concept which is not viable in this Circuit.) Indeed, the former jury herein did not find her guilty.

It would constitute error for this Court to fail to direct the entry of a judgment of acquittal of Ms. Overbay when the evidence failed to show that she converted any of the proceeds of the checks involved to her own use. *Bailey v. Commonwealth* (1908), 130 Ky. 301, 113 S.W. 140, see also 17 A.L.R. 922–923 (relating to a charge of embezzlement). In a prosecution it was alleged in an indictment that two officers of a corporation and a third person used the mails to consummate a fraud on two other corporations, by purchasing for them at excessive prices merchandise from yet other corporations, owned by the first corporation. The proof showed merely the purchase of such merchandise at or below current market prices but at prices greater than the sellers had paid for the merchandise. The Court of Appeals for this circuit found that the trial judge had erred under this record in not entering a judgment of acquittal of the defendants. *Epstein v. United States*, C.A. 6th (1949), 174 F.2d 754, esp. at 763[2] (relating to a charge of fraud).

To have procured a conviction of Ms. Overbay, it was necessary for the prosecution to have shown, *inter alia*, that she

converted manpower funds to her own use. The proof is deficient as to that allegation. There can be no conviction herein in the complete absence of proof of such conversion. This is the allegation of the indictment; it was an essential element of the crime of embezzlement; it was alleged as an integral part of her scheme to obtain manpower funds by fraud; " * * * and it is to this allegation that the proof must [have conformed]. See generally *United States v. Meyers*, E.D.Wis. (1906), 142 F. 907. * * * " *Goodman v. United States*, C.A. 5th (1965), 341 F.2d 272, 273[2].

The evidence herein being insufficient to sustain any conviction of Ms. Overbay, Rule 29(a), Federal Rules of Criminal Procedure, her renewed motion for entry of a judgment of acquittal, Rule 29(c), Federal Rules of Criminal Procedure, hereby is GRANTED. A judgment of acquittal of the defendant Ms. Selma E. Overbay will be ENTERED as to each remaining count of the indictment herein, and she hereby is RELEASED from custody.