**Cummings SMITH, Sr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5211.**

Court of Appeals of Alaska.

Sept. 24, 1982.

Christine Schleuss, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Elizabeth H. Sheley and Peter A. Michalski, Asst. Attys. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Cummings Smith, Sr., was charged in a two-count indictment with embezzlement of public money, former AS 11.20.300, and with embezzlement by employee, former AS 11.20.280. Following a thirty-three day trial, a jury found Smith guilty of embezzle-

ment of public money.[1] He was sentenced to five years with four-and-one-half years suspended and was ordered to pay the Municipality of Anchorage $20,000 as restitution. In this appeal, Smith argues that the court improperly instructed the jury on the elements of embezzlement. Since no objection to the instructions was made at trial, a plain error standard of review must be employed. Applying that standard to the facts of this case, we conclude that plain error was not committed, and we accordingly affirm Smith's conviction.

To summarize briefly the facts of the case: Smith was charged with embezzling municipal funds between August 12, 1976, and October 27, 1977. During that time, Smith worked within the traffic engineer's office as transportation inspector for the Municipality of Anchorage. As transportation inspector, Smith regulated the taxicab industry in Anchorage. His duties included issuance and renewal of taxicab permits and chauffeurs' licenses as well as inspection of all for-hire vehicles, such as cabs and limousines.

In 1977, Courtney Tomlinson, an internal auditor for the municipality, performed a routine audit of various municipal departments. The inability to account for cash receipt books checked out to the traffic engineer's department led to a more thorough examination of the situation. Ultimately, it was discovered that someone in the transportation inspector's office had collected fees which were never turned in to the finance department.

Smith was charged with embezzlement of public money and embezzlement by employee. At trial, the defense conceded the fact that the funds were missing. However, the defense argued that Smith was not the person who had converted the money. The jury, however, accepted the state's circumstantial evidence against Smith and found him guilty of embezzlement of public money.

Smith's sole point on appeal concerns the trial jury instructions which set out the elements of the charge of embezzlement of public money, former AS 11.20.300. Specifically, Smith argues that the court's instructions impermissibly broadened the statutory definition of embezzlement of public money. Former AS 11.20.300 provided, in pertinent part:

> *Embezzlement of public money.* A person who receives money for the state or a borough, town or other municipal or public corporation, or who has in his possession money belonging to the state, borough, town, or other municipal or public corporation, or in which any of the foregoing has an interest, and who *converts it or any portion to his own* use ... is guilty of embezzlement.... [Emphasis added][2]

Two of the court's instructions to the jury, however, stated it was embezzlement to convert the money either to one's own use or "to a use other than the purpose for which it was received."[3] Smith argues

1. Prior to final argument at trial, the state dismissed the charge of embezzlement by employee.

2. The statute also makes it illegal to loan public money or to neglect or refuse to pay over public money as required by law or when lawfully demanded to do so. The indictment charging Smith, however, did not employ any of this language.

3. Jury Instruction 16 quoted the language of former AS 11.20.300 and then stated, in pertinent part:

   In order for the defendant to be found guilty of embezzlement of public money, the evidence must establish each of the following beyond a reasonable doubt:

   (1) That from on or about August 12, 1976 through on or about October 27, 1977 at or near Anchorage, in the Third Judicial District, State of Alaska, the defendant received money for and on behalf of the Municipality of Anchorage;
   (2) That the defendant did wilfully, unlawfully, and with intent to defraud;
   (3) Convert a portion of this money to his own use or to a use other than the purpose for which it was received.
   Jury Instruction 18 stated in full:
   The evidence must establish beyond a reasonable doubt that money entrusted to the defendant was fraudulently converted by him to his own use or to some purpose other than that for which he received it. However, it is not necessary that the evidence establish the precise manner in which the money was con-

that it was error to instruct the jury in these terms because the language of the instructions impermissibly broadened the offense charged, thereby prohibiting conduct beyond either that prohibited by the statute or that specified in the indictment. Smith asserts that so instructing the jury violated his right to due process of law.

Although Smith failed to object to the challenged jury instructions at trial, he nevertheless argues that this court should reverse his conviction pursuant to Alaska Criminal Rule 47(b) on grounds of plain error. That rule provides:

> Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

This standard was expanded in *Evans v. State,* 550 P.2d 830, 843 (Alaska 1976), where the Alaska Supreme Court discussed the plain error rule in the context of a challenged jury instruction. The court stated:

> To constitute 'plain error' the defect [in the instruction] must be both obvious and substantial. The giving of an incorrect instruction should be recognized as plain error only when necessary to prevent a miscarriage of justice. The defect must have been obviously prejudicial. If it appears that failure to give defendant's proposed instruction did not contribute to the verdict, reversal is not required. [Citations omitted]

*See also Burke v. State,* 624 P.2d 1240, 1256–57 (Alaska 1980). Viewing the facts of the instant case in the light of this standard, we do not believe that the trial court committed plain error in giving the challenged instructions to the jury.

Our decision in this regard is supported by a number of considerations. First, it does not appear obvious to us that the language of the challenged instructions did in fact impermissibly broaden the statutory definition of the offense. It is at least arguable that the statutory language prohibiting conversion "to his own use" encompasses a prohibition against conversion of the money "to a use other than the purpose for which it was received." R. Perkins, *Criminal Law* 292 (2d ed. 1969), states: "Statutes sometimes speak in terms of conversion 'to one's own use' but this has not been narrowly construed." W. LaFave & A. Scott, *Criminal Law* § 89, at 645 (1972), states:

> Embezzlement statutes often are worded in terms of the wrongdoer's conversion 'to his own use.' These words are not to be taken literally, however, for it is not a requirement for a conversion that the converter gain a personal benefit from his dealing with the property.

Although we recognize that Smith has cited cases standing for a proposition contrary to that set out in the treatises, *United States v. Williams,* 478 F.2d 369 (4th Cir. 1973); *United States v. Overbay,* 444 F.Supp. 259 (E.D.Tenn.1977), we do not believe, given the split of authority, that it can be said that the instructions' defects were so obvious as to support a finding of plain error.

We are further inclined to reject plain error because Smith does not appear to have been substantially prejudiced by the challenged instructions. The focus of the case at trial was on the question of who took the money; the focus was not on what was done with it. Although, of course, what was done with the money could in some cases be viewed as probative of who actually took it, we believe that in this case the question of how the money was actually spent was more in the nature of a collateral issue.[4] The jury was instructed that the

---

verted, nor is it necessary that the evidence establish that the defendant was personally enriched.

**4.** Had the defense actually relied upon the fact that Smith had not personally used the embezzled money as a complete and independent defense, we do not think it unreasonable to conclude that defense counsel should have brought the alleged defects in the instructions to the attention of the trial court prior to their presentation to the jury.

state had to prove beyond a reasonable doubt "[t]hat the defendant did wilfully, unlawfully, and with intent to defraud" convert the municipality's money. This requirement was further expanded and defined in a number of subsequent instructions. Given this finding, we do not believe it can be said either that Smith was obviously prejudiced or that a miscarriage of justice occurred. Accordingly, we see no basis upon which to find plain error.

The judgment of conviction is AFFIRMED.