956 F.2d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelvin Bernard TERRELL, Defendant-Appellant.
 No. 91-5726.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant Kelvin Bernard Terrell appeals his conviction for aiding and abetting the possession and distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1), and for carrying and using a firearm in relation to a drug trafficking offense, a violation of 18 U.S.C. § 924(c). Defendant alleges error in the denial of his motion for acquittal with respect to the firearms charge, and in the admission of expert testimony relating to the legal definition of a firearm. For the reasons set forth below, we AFFIRM the judgment and sentence of the District Court.
 
 I.
 
 2
 Defendant was snared in a "buy-and-bust" undercover operation of the Memphis Police Department. The operation centered on a garden apartment complex in Memphis. An undercover officer approached two individuals who were standing outside the apartments and initiated a transaction. After the controlled buy was completed, the purchasing undercover officer radioed to his support team descriptions of the two individuals involved, and their locations. One of these individuals was the defendant, described as wearing red shorts, no shirt and a Chicago Bears jacket. As the support team converged on the scene, the defendant attempted to flee.
 
 
 3
 As the defendant fled, he was chased by Officer Gerald Blum, who was the first on the scene. Defendant fled into a nearby apartment occupied by Jacqueline Sanders and tried to shut the door behind him. Blum testified that he managed to force his way through the door and saw defendant on the other side of the apartment pointing a pistol at him. Other officers corroborate this by stating that they heard Blum yell out, alerting them to the fact the suspect was armed. Realizing that Blum had already drawn his weapon, defendant dropped the pistol and fell to the floor, where he was handcuffed and arrested.
 
 
 4
 Defendant was indicted and tried on two counts, aiding and abetting the possession and distribution of cocaine base, and using a firearm in relation to a drug trafficking offense. With respect to the firearm charge, the prosecution introduced over defendant's objection the testimony of an expert witness to establish whether the pistol at issue constituted a "firearm" for purposes of 18 U.S.C. § 924(c). Defendant was convicted on both counts, and has taken this appeal.
 
 II.
 
 5
 Defendant raises two issues on appeal. First, he appeals the denial of his motion for acquittal on the second count, relating to the possession and use of a firearm during a drug trafficking offense. Second, he objects to the expert witness testimony. We address the denial of the motion for acquittal first.
 
 
 6
 Our standard of review of decisions denying motions for judgment of acquittal is quite narrow. "[W]e consider the evidence as a whole, taken in the light most favorable to the Government, together with all legitimate inferences to be drawn therefrom, to determine whether a rational trier of fact could have found guilt beyond a reasonable doubt." United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984), cert. denied sub nom. Freeman v. United States, 469 U.S. 1193 (1985) (quoting United States v. Patterson, 644 F.2d 890, 893 (1st Cir.1981)).
 
 
 7
 This Court is convinced there is sufficient evidence to support the jury's verdict of guilty. The presence of the gun at the scene of the arrest is not disputed. The defendant was wearing a heavy jacket sufficiently large to conceal the weapon, on a night which all concede was very hot. Several police officers testified that they heard Officer Blum yell out that the defendant was armed. Blum testified that he saw defendant turn and point the gun at him, then drop it on the floor. A rational jury could find that defendant carried the weapon in his coat, pulled it out and aimed it at Blum.
 
 
 8
 Defendant offered a competing theory to explain the presence of the gun. He claims not to have known the resident of the apartment other than on an acquaintance basis, and that it was mere happenstance that the apartment into which he fled had a gun laying about which was then used to frame him. Unfortunately, there are many holes in his theory. The apartment dweller, Ms. Sanders, testified that it was her gun, given to her by a boyfriend. She testified that she did not know that it was loaded and that she had no idea how to care for the gun. In fact, she claimed to have only taken it down from its hiding place that evening.
 
 
 9
 Ms. Sanders claims she took the gun down because she perceived danger from the drug deals going on outside her door. Yet her apartment door was unlocked, and it was unlocked because she neglected to lock it after going outside to take the garbage out and to visit a neighbor. A jury could easily find her explanation not credible. Further, she testified she did not know the gun was loaded, so it is unclear what purpose it was intended to serve. Both Ms. Sanders and the defendant also contradicted themselves and each other with regard to several other aspects of their testimony. A jury could easily dismiss the defendant's theory of the gun appearance[1] and find beyond a reasonable doubt that he carried the gun with him and used it in the trafficking offense.
 
 III.
 
 10
 Defendant also contends that his conviction on the firearm offense should be overturned because the trial court permitted a government expert witness to testify as to the requirements of what constituted a firearm under the statute at issue. To prevail on this issue, defendant must show not simply that the testimony was inadmissible, but that it was reversible error. In assessing whether a trial court error requires reversal, we apply the substantial rights standard under Fed.R.Crim.P. 52(a). Under this standard, the government must only establish that the error had no "substantial influence on the verdict." Kotteakos v. United States, 328 U.S. 750, 765 (1946).
 
 
 11
 In this case, the error alleged relates to testimony tending to establish that the weapon found at the scene was an operable firearm. The defendant has offered no evidence tending to cast doubt on the pistol involved being a firearm. In fact, the trial judge charged the jury without objection that as a matter of law, the pistol involved was in fact a firearm. Defendant's counsel conceded at oral argument that the jury charge was proper. We cannot say that the uncontradicted expert testimony that the pistol was a firearm had a substantial influence on the verdict.
 
 IV.
 
 12
 For the foregoing reasons, we AFFIRM the judgment and sentence of the District Court.
 
 
 
 [1]
 We note that in reviewing a motion for acquittal, the evidence need not exclude every reasonable hypothesis except that of guilt. Adamo, 742 F.2d at 932 (citing United States v. Prieur, 429 F.2d 1237, 1238 (6th Cir.1970))