James Bell JONES and Anna Marie Andrews, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

May 19, 1977.

Certiorari Denied by Supreme Court Aug. 1, 1977.

Robert I. Livingston, Memphis, for appellants.

Brooks McLemore, Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, Henry P. Williams, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

From a trial on consolidated indictments the appellants appeal their convictions for committing the following offenses and the judgments pronounced thereon: assault and battery, a fine of $1,000 each and confinement for eleven months and twenty-nine days in the workhouse; crime against nature and each sentenced to confinement for not less than ten years nor more than fifteen years; abduction of a female, T.C.A. 39–3709, and each sentenced to confinement for not less than fifteen and one-half years nor more than twenty-one years. The trial court ordered all sentences to be served consecutively.

The assignments of error on behalf of both appellants urge that the evidence is insufficient, that the trial court erred in ordering the sentences to be served consecutively and that the court erred in not declaring a mistrial.

■ The evidence under attack is hereafter narrated from our review of this record to reveal the merits or non-merits of this assignment of error.

A sixteen-year-old female was forced by the appellant Jones into his automobile at gunpoint around 9:00 a. m. on March 9, 1975, in the City of Memphis. She was then driven to an apartment in that City occupied by the appellant Andrews. Inside the apartment she was told she would have to turn a "trick" with a man. The victim then was required to have intercourse with one man who paid the appellants $15 and perform an act of fellatio on another man with appellants getting $15 for the latter act. The appellants then tied the victim to a bed with neckties and beat her with coat hangers for a considerable period of time with resulting bruises and cuts to her body. She was then forced to perform fellatio on the appellant Jones and cunnilingus on the appellant Andrews. The appellant Jones then had anal intercourse with her and struck the victim about the head when she attempted to resist, inflicting a severe laceration with accompanying bleeding on the carpet.

On the following day the victim managed to call her mother on the telephone while appellant Jones was watching television and appellant Andrews was away and told her mother where she was and to help her. Her mother immediately contacted the police, telling them that her daughter was being held against her will at the address her daughter had given her.

When the police arrived they found the victim weeping and hysterical. A revolver was recovered from the apartment and blood stains were noted by the police on the bed and floor of the bedroom. A piece of necktie was found around the ankle of the victim. Both appellants acknowledged that the victim had been to the apartment, with appellant Andrews relating that she had come to the apartment distraught and she gave her refuge.

The jury by its verdict resolves the issue of credibility of the witnesses and in this instance by their verdicts, it is obvious the jurors believed the victim. Under the rules governing appellate review, as outlined in *McBee v. State,* 213 Tenn. 15, 19, 20, 372 S.W.2d 173 (1963) and in *State v. Grace,* Tenn., 493 S.W.2d 474 (1973), we are not

free to reevaluate that testimony nor to overturn the judgment of the trial court unless the evidence preponderates against appellants' guilt and in favor of their innocence.

They have not shown a preponderance here. There is ample evidence to support the verdicts from the facts we have narrated in our review of this evidence. The assignments as to the sufficiency are accordingly overruled.

■ We now consider the assignment as to the consecutive sentences. The trial court in ordering the sentences to be served consecutively had this to say:

"The Court further finds that on September 21, 1976, at the Motion for a New Trial for the above defendants, arguments were heard regarding the question of consecutive time. It was shown at that time that defendant Andrews had one previous felony conviction and three misdemeanor convictions and that defendant Jones had six previous misdemeanor convictions. It was also shown during the course of the trial that Jones operated a gambling house in which not only die (sic) he derive income from gambling operations but also from the showing of pornographic movies and from prostitution.

"The Court further finds that defendant Andrews was present at the house and assisted in the handling of the gambling house, the showing of pornographic movies, and acts of prostitution. It was further shown during the trial that Jones abducted the 16 year old female victim from her residence, held her in captivity with the help of defendant Andrews for 36 hours, required her to perform acts of prostitution, required her to perform oral fellatio and cunnilingus on both defendants, she was tied by neckties to a bed for several hours, she remained tied up while bleeding extensively for several hours and was denied medical attention;

"The Court further finds that the standards of (1) professional criminal, (2) multiple offender, (3) dangerously mentally abnormal person, and (4) dangerous offender, have been met as set out in *Gray v. State,* 538 S.W.2d 391;"

We think the trial court ordering the consecutive sentences was well within the ambit of *Gray v. State,* Tenn., 538 S.W.2d 391 (1976). This assignment is overruled.

■ The mistrial assignment has not been briefed; it is therefore without merit. *Rockett v. State,* Tenn.Cr.App., 475 S.W.2d 561 (1971). With the court sustaining appellants' objection to the introduction of certain sex paraphernalia found in the apartment, there is no merit in the assignment. It is accordingly overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and TATUM, J., concur.